## Colvin *versus* Beaver.

1. The special Act of April 8th 1867, which provides that all persons residing on certain lands therein named, situate in the township of Napier, are attached to the borough of Schellsburg for school purposes and shall pay their school taxes, and be entitled to all school privileges, including the right to vote for and serve as school directors in said borough, was not in violation of the Constitution of 1838, nor is it of art. 3, sect. 8, of the Constitution of 1874, which provides that electors shall reside in the election district in which they vote.

2. The general Act of April 13th 1867, provides, that when the land of a resident of a township or borough shall be annexed under the provisions of said act to another township or borough, the applicant shall pay his school taxes and be included within the school district to which it is so annexed for educational purposes and remain connected with the district or township of his residence for all other purposes. *Held,* that said act manifestly uses the more comprehensive words "for educational purposes" with the view of expressing in fewer words the same rights and obligations imposed by the Act of April 8th 1867.

3. A school district is not strictly a municipal corporation.

[Colvin v. Beaver.]

May 11th 1880. Before MERCUR, GORDON, PAXSON, TRUNKEY and STERRETT, JJ. SHARSWOOD, C. J., and GREEN, J., absent.

Certiorari to the Quarter Sessions of *Bedford county :* Of May Term 1880, No. 199.

The petition of more than twenty-five of the qualified electors, who voted at an election held on the 17th of February, in Schells-burg borough, set forth that the return of J. E. Colvin as school director was undue and illegal, and that W. H. Beaver was duly elected, and not J. E. Colvin.

They alleged the following facts : 1. That of the votes actually received and counted, J. E. Colvin had forty-four votes, and William H. Beaver forty-three votes. 2. That John J. Hughes, Patrick Hughes and William Otto were qualified electors entitled to vote for school directors at said election by reason of their residing on lands in the township of Napier, annexed to Schells-burg borough for educational purposes by a decree·of the court under the provisions of the general Act of 13th of April 1867, Purd. Dig., vol. 1, p. 237, which provides as follows : "·The several Courts of Quarter Sessions of this Commonwealth shall have authority, within their respective counties, to annex the land or part thereof of persons resident in one township or borough to another township or borough, for school purposes, so that when so annexed the applicant shall pay his school tax and be included within the school district to which it is so annexed, for educational purposes, and remain connected with the district or township of his residence for all other purposes ; and.the said court shall, upon the petition of any one desiring such change, proceed by views and reviews, in the manner and under the restrictions provided under the Act of General Assembly, approved April 15th 1834, with its supplements, in regard to the alteration of the lines of any two or more adjoining townships : Provided, that all the costs of such proceedings shall be paid by the person or persons applying for such change." 3. That George W. Bowser, Jacob Manges, Jacob Spiker and William Hull were qualified electors and entitled to vote at said election by virtue of a special Act of Assembly, approved April 8th 1867, Pamph. L. 1867, pp. 934–5, providing that all persons residing on certain lands therein named are attached to Schellsburg borough for school purposes, and shall pay their school taxes and be entitled to all school privileges, including the right to vote for and serve as school directors in the said borough.

The first section of said act provides as follows : " That the following named lands and tenements, situate in Napier township, Bedford county, near the borough of Schellsburg, are hereby attached to said borough, for school purposes, to wit : The farms of Charles W. Colvin, the one known as the Riley farm, and the other as the Hillegas farm ; also the farm of George W. Bowser

[Colvin *v:* Beaver.]

and that of Reuben Colvin, all in Napier township; and that all persons who now, or may hereafter, reside on said farms and properties, shall pay their school taxes to and be entitled to all school privileges, including the right to vote for and serve as school directors in said borough. Provided, that said persons. shall not be liable to taxation for any purposes 'except school tax in said borough."

The answer of Colvin admitted the facts as set forth in the petition, but denied the right of the persons embraced in the said two classes to vote at said election for school directors for the following reasons :

1. That the general Act of 13th of April 1867, authorizing the court to annex, does not contemplate annexation for any other purpose than that of paying. taxes and sending children. to school in the borough school district, and does not confer the right to vote for school directors therein.

2. That the special Act of .April 8th 1867, which does expressly give the right to vote for school directors, is unconstitutional, in that it contravenes the provision of the Constitution requiring that electors shall reside in the election district in which they 'offer to vote.

The court, Hall, P. J., after argument, delivered an opinion, in which they, inter alia, said :

"But we are of opinion that the second position cannot be maintained. The special Act of 1867 has never been repealed, nor is it repugnant to any portion .of the Constitution of 1838, which was in force at the period of its enactment, nor to the new Constitution of 1874.

"The Constitution of 1874 provides in article 8th, relating to the qualifications of a voter, that he shall reside in the election district in which he 'offers to vote at least two months immediately preceding the election. The Constitution of 1838 contains a similar provision requiring residence in the election district for ten days. Yet in independent school districts formed out of two or more adjoining townships under the provisions of the statute of 8th of May 1855, Purd. Dig., vol. 1, p. 237, &c., the school district becomes an election district for school purposes, and directors are elected by all the electors of the school district, some of whom, of course, vote outside of the municipal election district in which they reside.

" The position of the respondent is that the legislature did not have power under the Constitution of 1838 to erect a school district into a special election district for school purposes by any other bounds than the lines of some municipal election district— that is, an election belonging to the municipal divisions of township, borough, city or ward. No one seems ever heretofore to have questioned the constitutionality of independent districts or the

[Colvin v. Beaver.]

power of the legislature under the Constitution of 1838, by express words to enlarge a school election district by attaching adjoining farms and allowing all resident qualified electors to vote for school directors. It is true, doubtless, that the legislature may not authorize an elector to vote, except in the election district in which he resides. But for school purposes the school district is the election district.

"Under the Constitution of 1874, the legislature is prohibited from passing any local or special law regulating the affairs of counties, cities, townships, wards, boroughs or school districts: art. 3, sect. 7. But this prohibition is entirely prospective. The same section gives power to repeal local and special acts, and strongly indicates the intent that such acts should remain in force until repealed by legislative enactment.

"There being no clause in the new Constitution expressly repealing the act, nor any clause to which it is positively repugnant and thus repealed by implication, and it never having been repealed by legislative enactment, it is, as we view it, in full force. It follows, therefore, that Mr. Beaver, who is but one vote behind Mr. Colvin in the returns as made up, was only elected by the votes of George W. Bowser, Jacob Manges, Jacob Spiker and William Hull, who were qualified electors, and entitled to vote by the special Act of 8th of April 1867, and that their votes ought to have been received and counted.

"It is therefore not necessary to the decision of this case, that we shall determine the question raised by the first point, to wit: Whether the phrase 'for educational purposes,' unlimited and unrestricted, confers a right to vote for and serve as school director."

Colvin took this writ, alleging that the court erred in deciding that the Act of April 8th 1867 was constitutional, and that the court should have decided that the 1st section of the Act of 13th April 1867, does not confer on persons residing on lands which may be annexed by the courts, the right to vote for school directors in the township or borough to which they are annexed.

*Russell & Longenecker*, for plaintiff in error.—So much of the act as sought to confer the right to vote in Schellsburg borough, on electors who did not reside in the election district of the borough was void, because in direct conflict with sect. 1, art. 3, of the Constitution of 1838, which required that the elector should have resided in the election district where he offered to vote, ten days immediately preceding such election. The Constitution, as amended in 1874, contains a similar provision, sect. 1, art. 8, but enlarges the period of residence to two months. It was not in the power of the legislature to so enlarge the rights of these voters as to permit them to cast their ballots in an election district in which they had no residence. No constitutional qualification of a

[Colvin *v.* Beaver.]

voter can be altered or added to by legislation : Page *v.* Allen, 8 P. F. Smith 338.

The territorial limits of an election district do not enlarge for one purpose and contract for another, but are precisely the same for all purposes. If an elector may exercise the privilege of voting outside of the municipal election district in which he resides, and with which he is identified by registration and the other prerequisites for school director, why not for other purposes ? It would not be pretended that he could go to any other poll in his legislative or congressional district and vote for those offices : Mc-Daniel's Case, Brightly's Election Cases 238, 242; Williams *v.* Whiting, Id. 107–9.

The law contemplates that an elector shall vote but once on the same day, and in but one election district, and the Constitution has made residence, within the election district, the test which shall identify him with the poll at which he may vote. And this is intended "not only to identify the elector, but to prevent fraud in elections :" Fry's Case, 21 P. F. Smith 308.

*J. M. Reynolds*, for defendant in error.—The legislature possesses the power under the Constitution, if it saw proper to do so, to pass special acts annexing a borough and township or two or more townships together, and forming them into single districts, and providing that the voting shall be done in either the borough or the township. If it can do this, then the Act of April 8th 1867, is not in conflict with any constitutional prohibition. That the legislature has done this, in the case of independent school districts, cannot be denied. If, therefore, this special act is unconstitutional, then the whole law upon the subject of independent districts acquiesced in by the people of the state for twenty-five years is unconstitutional also.

With reference to school districts generally, we say it was in the power of the legislature to fix any boundaries it saw proper; to provide by whom the elections should be held, and in what manner; to fix any place they saw fit, and in these particulars were not bound to follow the requirements of the Constitution relative to the election of purely municipal officers. School directors are not municipal officers, and the provisions of the Constitution are not applicable to their election : Wharton *v.* Directors of Cass Township, 6 Wright 363. They are territorial divisions for the purposes of the common school law. The school system is a system peculiar to itself. The people in the districts exercise certain powers in certain ways especially adapted to that system, for the purpose of providing for a general system of education, and the election of those who are to represent the district in the transaction of its business, is not necessarily controlled by nor subject to any provision in the Constitution relative to elections by the

citizens generally. When annexed for school purposes, they form a part of a school district for every purpose of the school system, which necessarily includes the right of voting for school directors.

Mr. Justice MERCUR delivered the opinion of the court, May 24th 1880.

This contention is as to the effect to be given to the special Act of 8th April 1867, Pamph. L. 934, and the general Act of 13th April 1867, Purd. Dig. 237. The former declares that all persons residing on certain lands therein named, situate in the township of Napier, are attached to the borough of Schellsburg for school purposes, and shall pay their school taxes and be entitled to all school privileges, including the right to vote for and serve as school directors in said borough. The general act declares that when the land of the resident of a township or borough shall be so annexed to another township or borough, the applicant shall pay his school taxes and be included within the school district to which it is so annexed for educational purposes, and remain connected with the district or township of his residence for all other purposes.

The language in the general act shows a slight change from that used in the prior special act: yet we think the substantial purpose and intent are the same. The later act manifestly uses the more comprehensive words "for educational purposes," with the view of expressing in fewer words the same rights and obligations given and imposed in the previous act. A person residing on the land thus annexed is brought within the school district for all purposes for which it is formed. There he pays his taxes towards the support of its schools and the erection of its school houses. There he sends his children, and there he resides for all "educational purposes." It is clearly within the true intent and spirit of the statute, that where a person assumes those obligations and enjoys those benefits, there he shall have a voice in the election of school directors, and, if possessing the other necessary qualifications, be eligible as a director. It is not the design of the act that he should be denied the exercise of those rights and privileges in the only place where he has such a direct interest. It would be an anomaly in the law to hold that he can exercise such rights in another school district where he pays no school taxes, can derive no special benefit from the schools, and within the bounds of which, for educational purposes, he does not reside. He does remain connected with his township or former district "for all other purposes," so as to give due effect to that clause in the statute. There he must continue to pay all his other municipal taxes, and there he retains all his other rights as a resident and an elector.

A school district is not strictly a municipal corporation : Wharton

et al. *v.* School Directors, 6 Wright 358; Commonwealth *v.* Beamish, 31 P. F. Smith 389. There was no constitutional prohibition against such a school district when it was formed. There is none now against forming such by a general law. Like independent school districts they may wholly disregard township lines.

Judgment affirmed.