## Lyon, Appellant, v. Strock et al.

*School law—School districts — Separate municipality — School district and borough occupying same territory—Borrowing capacity —Limitation on borrowing capacity—Constitution, article IX, section 8—Acts of May 18, 1911, P. L. 309, 314, and June 4, 1915, P. L. 844, 845.*

1. Under the Constitution, article IX, section 8, and the Acts of May 18, 1911, P. L. 309, 314, and June 4, 1915, P. L. 844, 845, a school district is to be regarded as a separate and distinct municipality for the purpose of determining the limit of its borrowing capacity.

2. If a school district and a borough occupy the same territory, the borrowing capacity of the district is not to be determined by adding the debt of the borough to its own; but its own debt only is to be considered in determining the constitutional limit.

Argued May 8, 1922. Appeal, No. 173, Jan. T., 1922, by plaintiff, from decree of C. P. Bedford Co., April T., 1921, No. 1, dismissing bill in equity, in case of John C. Lyon, for himself and such other citizens and taxpayers of the Borough of Bedford as may join therein, v. Dr. H. B. Strock et al., members of the School Board of School Dist. of Bedford Borough. Before MOSCHZISKER, C. J., FRAZER, WALLING, SIMPSON, KEPHART, SADLER and SCHAFFER, JJ. Affirmed.

Bill in equity for injunction. Before BAILEY, P. J.

The opinion of the Supreme Court states the facts.

A decree was entered refusing perpetual injunction and dismissing bill. Plaintiff appealed.

*Error assigned,* inter alia, was refusal of perpetual injunction, but not quoting decree.

*D. C. Reiley* and *B. F. Madore,* for appellant.—A school district is not a municipality but a territorial division for limited purposes: Wharton v. School Direc-

tors, 42 Pa. 358; Com. v. Beamish, 81 Pa. 389; Colvin v. Beaver, 94 Pa. 388; Briegel v. Phila., 135 Pa. 451; Long v. Sch. District, 269 Pa. 472; Ford v. School Dist., 121 Pa. 543.

*John N. Minnich,* for appellee.

PER CURIAM, June 24, 1922:

The decree dismissing the bill in this case is affirmed on the following excerpts from the well-considered opinion of the court below: "This is a taxpayer's bill, brought by the plaintiff on behalf of himself and other citizens, praying for a perpetual injunction restraining the school board of the school district of the Borough of Bedford from proceeding, in the manner prescribed by law, to determine, by a vote of the qualified electors of the borough, whether or not the indebtedness of the school district should be increased to an amount not exceeding $50,000, for the purpose of erecting a high school building. The facts are undisputed; the total assessed valuation for the territory embraced within the limits of the borough......for the year 1921 is $860,159; the net indebtedness......of the borough......is $47,700; the net indebtedness of the school district, which is co-extensive in territory with the borough, is $7,500. Plaintiff contends that, in calculating and determining the limitation upon the borrowing power of the school district, the debt of the borough and the debt of the district are to be taken collectively. By that method the indebtedness of this territorial district is $55,200. Article IX, section 8, of the Constitution of the State limits the debt of any municipality to a sum not exceeding 7% of the assessed value of taxable property therein; the maximum limit of the borrowing capacity of the governmental agencies [here involved], based upon this theory, is reached, therefore, at $60,211.13. It is obvious...... that, with a borrowing capacity of $60,211.13 and an indebtedness of $55,200, an increase of the municipal

debt by $50,000 would, if the position taken by plaintiff is sound, be inhibited by this constitutional provision. If, however, the indebtedness of the borough and the indebtedness of the school district are to be considered distributively, and not collectively, then it is equally obvious that the school district, with an indebtedness of $7,500, and with a borrowing capacity limited to $60,-211.13, has a right to increase the district debt by the amount proposed, and the impending action by the school board is legal......A school district is [an] agency for the administration of an important function of the State, as provided in article X of the Constitution; for the purpose of conducting this work, the school district is regarded as a quasi municipal corporation: School District of the City of Erie v. Fuess, 98 Pa. 600, 606; Ford v. Kendall Sch. Bor. District, 121 Pa. 543, 547; ......Pittsburgh v. Sterrett Subdistrict School, 204 Pa. 635, 645......Whether or not a school district is to be regarded as but a quasi municipality, it has been placed, nevertheless, in exactly the same category with true municipalities in determining its borrowing capacity; this is absolutely clear from the language of the first clause of section 8, article IX, of the Constitution...... as follows: 'The debt of any county, city, borough, township, school district, or other municipality or incorporated district, except as provided herein......shall never exceed seven per centum upon the assessed value of the taxable property therein.' If, therefore, the school district is to be regarded as a separate and distinct municipality, for the purpose of limiting its borrowing capacity, then we are satisfied that there is to be applied to it this doctrine, held by the courts of many of the states, that its debts and the debts of another municipality occupying the same territory are to be regarded distributively and not collectively......Tuttle v. Polk & Hubbell, 92 Iowa 433, 441; Campbell v. City of Indianapolis, 155 Ind. 186, 211, 213; State ex rel. v. Tomahawk Common Council, 96 Wisconsin 73, 94; Wilson v. Board

of Trustees, 133 Ill. 443, 476; Kennebec Water Dist. v.
City of Waterville, 96 Maine 234, 255; ......Ex parte
City of Newport, 141 Ky. 329, 37 L. R. A. (N. S.) 1034
(see p. 1108); Adams v. East River Savings Inst., 136
N. Y. 52, 57; Board of Education of City of Huron v.
National Life Ins. Co., 94 Fed. Rep. 324, 327;......
Dillon on Municipal Corporations, 5th ed., vol. 1, p. 346,
s. 192. The principle announced in the foregoing cases.
and as to which we find no contradictory opinion any-
where, is thus put in Ruling Case Law, vol. 19, page 987:
'It sometimes happens that there are two governmental
bodies exercising different public functions within pre-
cisely the same boundaries, as when the boundaries of a
city are coincident with those of......a school district.
In such cases, if each body is a distinct and independent
corporation, its indebtedness should be reckoned sepa-
rately, but, if one of the bodies is not a separate corpo-
ration, but merely a board or department of the other, its
indebtedness must be included as part of the indebted-
ness of the corporation.' We have been referred to no
case in Pennsylvania where this question has been
squarely decided and by diligent search we have been
unable to find any. McGuire v. Phila., 245 Pa. 287, 294,
cited by the learned counsel for plaintiff, is not authority
for his position; in that case, part of the debt assumed
by the school district, after the passage of the Act of May
18, 1911, P. L. 309, still remained an obligation of the
city,—the general indebtedness of that municipality was
not reduced by the Act of 1911. While the school district
had agreed to pay this debt, it still remained part of the
financial obligations of Philadelphia. In Long v. Chel-
tenham Twp. Sch. Dist., 269 Pa. 472, 475, no more was
decided than that the word 'municipality,' as used in
section 15, article IX, of the Constitution, when taken in
connection with its context, was not intended to include
a school district."

As consistent with the foregoing excerpts from the
opinion of the learned court below, we call attention to

the following provisions of the School Code: "The several [school] districts......shall be and hereby are vested, as bodies corporate, with all necessary powers to enable them to carry out the provisions of this act" (Act of May 18, 1911, P. L. 309, 314, article I, section 119). "The board of school directors in any school district......in order to......erect......any school building,......may create and incur an indebtedness against any such school district, and issue bonds to secure the same, for any and all such purposes, or may create and incur an increase of any existing indebtedness against any such school district......to any amount that the total indebtedness of such school district......shall never exceed seven per centum upon the assessed value of the taxable property for school purposes therein": Act of June 4, 1915, P. L. 844, 845.

The decree is affirmed at cost of appellant.