## In re: Annexation of Baldwin Township.

Argued April 28, 1931.

Before TREX-
LER, P. J., KELLER, LINN, GAWTHROP, CUNNINGHAM,
BALDRIGE and DREW, JJ.

*Henry A. Jones,* for appellants, cited: In re: An-
nexation of Mill Creek Township, 74 Pa. Superior Ct.
275; Darby v. Sharon Hill, 112 Pa. 66.

*Paul C. Ruffennach* of *Ruffennach & Ruffennach,*
and with him *Charles A. Waldschmidt,* City Solicitor,
*Thomas M. Benner,* First Assistant City Solicitor, and
*John J. McGrath,* for appellee, cited: Cheltingham
Township School District, 269 Pa. 472; Ayer's App.,
122 Pa. 266; Briegel v. Philadelphia, 135 Pa. 451;
Wharton v. School District, 42 Pa. 358, and Com. v.
Wilkins et al., 72 Pa. Superior Ct. 305.

OPINION BY LINN, J., July 8, 1931:
This is a proceeding to annex to the City of Pitts-
burgh a part of Baldwin Township, pursuant to the
Act of April 28, 1903, P. L. 332, as amended. A

decree of annexation was entered July 31, 1930. The township and certain residents have appealed. The decree is fatally defective for want of approval of the State Council of Education.

Section 5 of the Act of 1903 was amended April 7, 1927, P. L. 161, by an act entitled: "To amend section five of the act, approved the twenty-eighth day of April, one thousand nine hundred and three (Pamphlet Laws, three hundred and thirty-two), entitled 'An act for the annexation of any city, borough, township, or part of a township, to a contiguous city, and providing for the indebtedness of the same,' by requiring approval by the State Council of Education as a prerequisite to the annexation of part of a township to a contiguous city." The part of that amendment, now for consideration, is the proviso in the following quotation: "If it shall appear by the vote when counted that a majority has voted for annexation, the court shall enter a decree accordingly; otherwise the proceedings shall be dismissed: Provided, however, That in proceedings for the annexation of part of a township no decree of annexation shall be entered until the State Council of Education, after due inquiry into the consequent effect upon the school districts affected, shall approve in writing of the proposed annexation."

The appellants assert that the State Council of Education, by certificate filed in the record, June 14, 1930, disapproved the annexation. The learned court below was not aware of that action, when the decree was signed. On September 4, 1930, at the term of court following that at which the decree was made, Baldwin Township, by its attorney, filed a paper reciting that he had just learned of the decree, and desiring leave to except on the ground that annexation could not be made in this proceeding without the assent of the State Council of Education; the court permitted the

exception to be filed and it is still pending. On the same day, these appeals were taken. On December 9th, on motion of appellants, the court below granted a supersedeas, and on February 27, 1931, filed an opinion, as required by rule 58, stating that the court had not been advised, when the final decree was made, that the State Council of Education had disapproved the annexation, but that, as the term in which the order was made, had ended, it was "powerless to remedy the error."

The authority of the State Council of Education is contained in the amendment of May 20, 1921, P. L. 1014, to the School Code. Briefly stated, the council is authorized to recommend legislation to improve the public schools; to equalize educational advantages in different parts of the state; to inspect and require reports from schools wholly or partly supported by the state but supervised by public school authorities; and, generally speaking, to improve the public school system of the state; see, also, New Britain Borough School District's Case, 295 Pa. 478; W. Leechburg Boro. v. Allegheny Township, 300 Pa. 73.

Article 10, section 1 of the Constitution (repeating provisions contained in our earlier constitutions) requires the legislature to provide and maintain an efficient public school system; pursuant to those provisions, a large body of law on the subject has been stated, and now appears in the School Code of 1911, P. L. 309 and supplements. Section 101 (since amended in other respects) provides that "each city, incorporated town, borough or township in this Commonwealth now existing or hereafter created shall constitute a separate school district to be designated and known as the school district......" The several school districts thus established were divided into four classes in sections 102 to 105; section 105 provides that each "district having a population of less than five thou-

sand shall be a school district of the fourth class."
A school district is an agency of the Commonwealth:
Wharton v. School Directors, 42 Pa. 358; Com. v.
Wilkins, 75 Pa. Superior Ct. 305; Minsinger v. Rau,
236 Pa. 327; it is sometimes called a quasi munici-
pality: Lyon v. Strock, 274 Pa. 541.

Within constitutional limits, the legislature has ab-
solute power over the political subdivisions of the
state, and may enlarge their areas, or change their
functions, or modify their internal arrangements, or
destroy their existence: Mill Creek Township Annex-
ation, 74 Pa. Superior Ct. 275.

When this annexation proceeding was begun, there
were two methods by which part of a township might
be joined to a city: (1) by the Act of June 8, 1874,
P. L. 279 (repealed April 9, 1931) and (2) by the Act
of 1903, supra, as amended. The first did not require
the consent of the State Council of Education; the
second did; the appellees chose the second method. It
specified that petitioners residing in the part of the
township to be annexed must file their petition in
the quarter sessions; that notice of it be given to the
city, which may then act for or against it; if the city
assent, the court must order an election by the voters
of the part of the township desiring annexation; it
is also necessary that the consent of the State Council
of Education be obtained, "after due inquiry into con-
sequent effect upon the school districts affected."

Counsel for the city and other appellees think the
decree can be sustained, and now contend, in order
to escape the effect of lack of approval by the State
Council of Education, that the legislature was pro-
hibited by the constitution from requiring such ap-
proval. To support that contention, they insist that
the legislature may not delegate the power to legis-
late (Art. II, section 1), and, that requiring approval
by the council, is delegating to that body, what the

legislature itself must do; O'Neil v. Am. Fire Ins. Co., 166 Pa. 72 is cited to sustain the argument. The statute considered in that case directed the insurance commissioner to prepare and file in his office a standard form of fire insurance policy to be used in Pennsylvania to the exclusion of other forms of insurance policy; it was held to be unconstitutional. While the legislature has the power to regulate insurance, and in doing so, may prescribe the terms and conditions of insurance contracts, the difficulty with the statute under discussion in that case was, that the legislature, instead of prescribing the form of the policy, delegated its legislative power to do so to the commissioner; the statute, when approved, was not complete; it lacked the form of the policy, the drafting of which, was a legislative function. But there is no such omission here; the amendment to the Act of 1903 delegated the performance of no legislative steps to the council by merely requiring its approval of annexation. This township, like many others, is a school district of the fourth class under section 101 of the School Code; the population is less than five thousand; if,—as might be the case, the residents of a large part of the township wished to join the city, the effect on the educational facilities of the remaining part of the township, and, therefore, of the school district, might be such, as very seriously to reduce existing school facilities, if not practically to destroy them. Whether such result should be brought about is as much a fact on which action pursuant to the statute may be predicated, as the requirement that the city should assent by ordinance, or that the requisite number of township petitioners should join. The determination of such facts by the interested parties is not a delegation of legislative power; it is rather a "submission only of the expediency of the proposed measure" (Locke's Appeal, 72 Pa. 491, 496). We are not impressed with

the suggestion that the duty of the council of education is too generally and indefinitely stated to be made effective; in addition to the cases cited, see, also, Com. v. Sweeney, 61 Pa. Superior Ct. 367; Foster Township Road Tax, 32 Pa. Superior Ct. 51; Field v. Clark, 143 U. S. 649, 693; Com. v. Gardner, 297 Pa. 498, 501, etc.

Appellees also say that the legislation is special, contrary to Section 7, Article 3, prohibiting special legislation "erecting new townships, changing township lines, borough limits or school districts." The brief does not specify how the legislation can be regarded as "special" in that sense, and we find no reason for so regarding it; the law is general, operative throughout the state. They also suggest that the amendment adds a new subject to the Act of 1903, so that it now contains two subjects, and is therefore unconstitutional, but we cannot follow that argument. The title, which has been quoted, gives adequate notice that the act provides a method for the annexation of part of a township, and the amendment specifies that the State Council of Education must approve. Such approval may properly be considered as an element in the subject of the legislation; the ascertainment of the fact, as already stated, is peculiarly within the function of the council, as an administrative body. As that approval is lacking, the necessary steps specified in the statute have not been taken, and the decree of the court, which would obviously not have been made if the court had been advised of the omission, must be reversed.

We have found it unnecessary to discuss the suggestion of appellees that the certificate of the council shows on its face that it proceeded under the School Code amendment of April 24, 1929, P. L. 642 (see W. Leechburg Boro. v. Allegheny Township, supra) and not under the annexation act amendment of 1927. The

record is plain that approval is lacking, which is sufficient to condemn the decree.

Decree reversed.

DISSENTING OPINION BY KELLER, J., July 8, 1931:

I am obliged to dissent from the opinion of the majority of the court. The public school system is peculiarly the creature of the Commonwealth, and the legislature may commit its general supervision to a state council formed for that purpose, for Article III, Section 20, of the Constitution forbidding delegation of municipal functions to a special commission, etc., does not apply to public schools and school districts. But such a council whose powers are limited to the public school system can exercise no valid authority over the functions of municipalities and quasi municipalities, apart from school affairs. The legislature cannot legally give such a body the power to veto the annexation of part of a township to a borough, except as respects its effect upon the school districts involved. No school council or bureau at Harrisburg should have power to meddle in the purely municipal functions of townships, boroughs and cities or veto what the electors of those governmental agencies have determined is best for their municipal administration, and the legislature cannot legally delegate it such authority, (Art. III, Sec. 20).

The statutes involved should be limited to functions properly within the powers of the State Council of Education, viz., control and oversight of school districts and their affairs; and an examination of the certificate of the State Council of Education filed in this case showed that they so understood it, for they limited their action to the effect of the proposed annexation upon the school districts involved and refused to approve annexation of part of Baldwin Township "to the School District of the City of Pittsburgh."

President Judge TREXLER concurs in this dissent.