## United States Radiator Corporation v. Upper Mahanoy Township School District

*W. Irvine Wiest*, for plaintiff; *Albert Lloyd*, for defendant.

LARK, J., November 20, 1933.—The plaintiff brings this action of trespass against the defendant to recover damages for the alleged negligence of the defendant in not taking a bond, as required by the Act of May 10, 1917, P. L. 158, as amended by the Acts of May 6, 1925, P. L. 546, and March 28, 1929, P. L. 106. The act, as amended, provides: "It shall be the duty of all counties, . . . school districts, . . . in the improvement of lands, or in the erection, alteration, addition or repair of roads, bridges, edifices, and public buildings, of any kind, in

said districts, to require of the contractor or contractors, employed in or about said improvements, an additional bond, with sufficient surety or sureties, providing for the payment of all labor and material entering into the said improvements, and all machinery used on such improvements."

The statement of claim alleges that on March 15, 1932, the defendant entered into a written contract with Elmer E. Hestor, wherein Hestor agreed to furnish and install a heating plant in the school building of the defendant at Leck Kill; that said Elmer E. Hestor purchased from the plaintiff a steam boiler and a quantity of radiators, which were installed by Hestor in the building. Hestor paid a part of the bill of the plaintiff, and the plaintiff here seeks to recover the balance due.

The statement of claim alleges that the defendant, in not requiring the bond provided for by the act above cited, was negligent, and that because of this negligence plaintiff is entitled to recover from the defendant. The defendant has filed an affidavit of defense raising questions of law, alleging that the defendant is not liable under the act of assembly above cited; that there is no privity of contract between the plaintiff and defendant in this case and that the goods and chattels sold by the plaintiff to Hestor were sold to him upon his credit and not that of the defendant. The other reasons set out in the affidavit of defense to avoid liability are really questions of fact which cannot be considered here.

The questions for decision under the pleadings are: (a) Does the Act of 1917, as amended, apply to the facts of this case; and, if so, (b) is the defendant school district liable for the negligence of its school directors in not complying with the act?

The Act of 1917 gave to school districts and other municipalities power to require of the contractor an additional bond providing for the payment of labor and materials entering into the improvements of edifices and public buildings. That act was discretionary with the school district and not mandatory. The amendatory Act of 1925 says that it shall be the duty of all school districts to require of the contractor an additional bond, "providing for the payment of all labor and material entering into the said improvements." The further amendments contained in the Act of 1929 are immaterial here. The second section of the Act of 1917 gives the laborer and materialman furnishing labor and materials, upon the contract of the contractors, the right to sue in an action of assumpsit, in the name of the obligee or for his or their use, upon said bond, upon proof of said contractor's failure to pay for said labor and materials.

In School District of Reading et al. v. New Amsterdam Cas. Co., 98 Pa. Superior Ct. 221, 224, it is held: "The Act of 1917, supra, as amended . . . makes it the duty of the school district, in the erection, alteration, addition or repairs to buildings, to *require* of the contractor such additional bond"; and at page 225 of the same case it is said: "The additional bond . . . is to assure the payment of the materialmen and laborers, as they are not protected in a bond given by the contractor for the faithful discharge of the covenants in the contract." It thus appears that the bond mentioned is for the benefit of the materialman and laborer furnishing materials or labor in the erection, alteration, addition, or repairs to buildings, and that the duty to require of the contractor such additional bond is mandatory.

The Act of 1917, supra, points out the remedy to be pursued in enforcing the provisions of the act. Under the second section of the act, the laborer and materialman have the right to sue in an action of assumpsit on the bond, upon proof of the contractor's failure to pay for labor or material. In our opinion, the act under consideration indicates that the purpose of the legislature was not only to

create the rights granted in the statute but also to create the specific remedy by which alone such rights may be enforced. A general liability created by statute, without a remedy, may be enforced by an appropriate common-law action, but where the provision for the liability is coupled with a provision for a special remedy, that remedy and that alone must be employed: Globe Newspaper Co. v. Walker, 210 U. S. 356, and cases therein cited.

In The Dollar Savings Bank v. United States, 19 Wall. 227, 238, it is said: "It must also be conceded to be a rule of the common law in England, as it is in Pennsylvania and many of the other States, that where a statute creates a right and provides a particular remedy for its enforcement, the remedy is generally exclusive of all common-law remedies.

"But it is important to notice upon what the rule is founded. The reason of the rule is that the statute, by providing a particular remedy, manifests an intention to prohibit other remedies, and the rule, therefore, rests upon a presumed statutory prohibition. It applies and it is enforced when any one to whom the statute is a rule of conduct seeks redress for a civil wrong. He is confined to the remedy pointed out in the statute, for he is forbidden to make use of any other."

It is, of course, manifest that where the required bond is not taken, the laborer or materialman cannot bring any suit thereon, and that is the case here. If there were such bond required and given in this instance, we would not be confronted with this lawsuit. There is no question that the Act of 1917, as amended, applies to transactions of the kind here involved, and that the bond required by the act should have been taken by the defendant school district.

We now come to consider whether or not the school district is liable to respond in damages for the failure of the school board to require the bond hereinabove spoken of. There is no direct liability fixed by the act for such failure. Is there an implied liability under the act on the part of the defendant to respond in damages to the plaintiff for the failure of the defendant to require the bond? We think not.

The School Code of 1911, P. L. 309, creates the several school districts of this Commonwealth. It provides, in section 101: "Each city, incorporated town, borough, or township in this Commonwealth, . . . shall constitute a separate school district, to be designated and known as the 'School District of . . . . . . . .' ".

The school district in question is one of the fourth class. Section 119 of the School Code provides: "The several school districts in this Commonwealth, established by this act, shall be and hereby are vested, as bodies corporate, with all necessary powers to enable them to carry out the provisions of this act." And section 123 of the act provides: "Each school district in this Commonwealth shall have the right to sue and be sued in its corporate name."

Among the duties imposed by the School Code upon the school directors of each school district are those providing the necessary grounds and suitable school buildings to accommodate children of school age, and of constructing, furnishing, equipping, and maintaining the same in the manner provided therein, suitable provisions being made for the heating, ventilating, and sanitary conditions thereof. The School Code, in these respects, made no changes in the law as it stood prior to its adoption.

The Act of May 8, 1854, P. L. 617, sec. 18, declares: "The several school districts within this Commonwealth shall have capacity as bodies corporate:

"I. To sue and be sued as such, by the corporate name of the school district of . . . . . . . . . . . . . . .

"II. To purchase and hold such real and personal property as may be necessary for the establishment and support of the schools". By section 23 of the

same act, it is provided: "They [school directors] shall cause suitable lots of ground to be procured and suitable buildings to be erected, . . . and shall supply the same with proper convenience and fuel".

School districts are not municipal corporations but territorial divisions for the purpose of common schools. They belong to that class of quasi-corporations to which counties belong: Wharton et al. v. School Directors of Cass Twp. et al., 42 Pa. 358; Commonwealth v. Beamish, 81 Pa. 389; Colvin v. Beaver, 94 Pa. 388; Freeze v. Columbia County, 6 W. N. C. 145. In Pennsylvania, a school district is but an agent of the Commonwealth, and as such a quasi-corporation for the sole purpose of administering the Commonwealth's system of public education: Ford v. Kendall Borough School Dist., 121 Pa. 543.

"The purpose at the base of our common school laws is to provide all children residing within the Commonwealth with a good common school education. In carrying out this purpose the various school districts are merely the agents of the Commonwealth": Ben Avon Borough School Dist. v. Pittsburgh School Dist., 77 Pa. Superior Ct. 75, 79. In support of this proposition, the Superior Court cited Ford v. Kendall Borough School Dist., supra, and what the Superior Court here says is approved in Harris v. Board of Public Education of the Philadelphia School Dist., 306 Pa. 546, 550.

In Lyon v. Strock et al., 274 Pa. 541, 543, it is said: "A school district is [an] agency for the administration of an important function of the State, as provided in article x of the Constitution; for the purpose of conducting this work, the school district is regarded as a quasi municipal corporation".

School districts are corporations of lower grade and less power than a city or borough, have less characteristics of private corporations, and more as the mere agent of the State: Erie School Dist. v. Fuess, 98 Pa. 600.

In this country, it is regarded as the duty of the State to establish and maintain at the expense of the taxpayers a system of education for all children who live within its limits, and if, for purposes of convenient administration, this duty is delegated to the municipal corporations of the State or to quasi-corporations formed for the purpose, the duty is still public and governmental, and such corporations or quasi-corporations cannot be held liable for the negligence of their employes in performing it: 19 R. C. L. 1124.

In Ford v. Kendall Borough School Dist., supra, it is distinctly held by the Supreme Court that a school district is not liable for the negligence of school directors or of their employes.

In Lias v. Harmony Society Historical Assn., 88 Pa. Superior Ct. 534, 540, it is said: "The contention of the appellants is that the learned judge of the court below fell into error in holding that the defendant was exempted from liability for negligence in its maintenance of the park, first, on the ground that it was acting as an agent of the Commonwealth in discharging a public or governmental function, and second, on the ground that it was performing the functions of a public charity.

"It is manifest that the dedication by the Commonwealth of the land, known as Old Economy, to the use of the public by the Act of 1919 was for a purely public purpose which is educational in character. Education has been said to be a great public charity: Ford v. The School District, 121 Pa. 543. The providing of means of education, the creation and administration of a system of schools, has come to be regarded as a public governmental function: Board of Public Education v. Ransley, 209 Pa. 51."

The cases decided by our courts, both under the Act of 1854, supra, and the Act of 1911, supra, are to the same effect, and the School Code left the status of

our public school districts in the same position as it found them, namely, quasi-municipal corporations for the purpose of conducting the public schools as agents of the State.

The Commonwealth is not liable for the negligence of its officials and agents. The immunity from liability for the negligence of its officials and agents which inures to the Commonwealth also applies to the agencies and instrumentalities of the State in the exercise of governmental powers or in the performance of governmental duties: Scibilia v. City of Philadelphia, 82 Pa. Superior Ct. 328, affirmed in 279 Pa. 549; Bucher v. Northumberland County, 209 Pa. 618; Szilagyi et al. v. Bethlehem, 312 Pa. 260.

The Act of 1917, as amended, neither by express terms nor by implication, in the light of the foregoing decisions, makes the school district liable for the negligence of its school board in not taking the bond provided for in that act.

If the defendant school district is a quasi-municipal corporation, created for the purpose of carrying out the public school system under the direction of the State whose agent it is, and if the Commonwealth and its agents are not liable for the negligence of their officers, then it follows that the plaintiff cannot recover in this case.

And now, to wit, November 20, 1933, the affidavit of defense raising questions of law is sustained, and judgment is directed to be entered in favor of the defendant and against the plaintiff.          From C. M. Clement, Sunbury, Pa.