## Upper Moreland Township v. Upper Moreland Township School District

*High, Dettra & Swartz*, for plaintiff; *Ditter & Menges*, for defendant.

CORSON, J., July 13, 1934.—In April 1931, the Township of Upper Moreland passed an ordinance providing for the laying of a sewer and also providing that, upon notice, the abutting property owners were to connect with such sewer. For failure to connect with the sewer, the ordinance provided a penalty of $50.

Certain property of the School District of Upper Moreland abutted upon a street in which the sewer had been laid, and, after notice to the school district to connect with the sewer and failure by the school district to comply with such notice, the township brought suit to recover the penalty of $50 provided in the ordinance. Judgment was given in favor of the township by a justice of the peace, and a transcript of this judgment has been entered in this court. Long after the time allowed by law for an appeal from such judgment, the present motion was filed to strike off the judgment, upon the contention of defendant that the judgment obtained under such circumstances is void because the justice of the peace had no jurisdiction to enter it.

The question of jurisdiction over the cause of action may be raised at any time, and, if the magistrate had no jurisdiction to enter such judgment, it is void and must be stricken off.

It has been repeatedly held in this State that a school district "is but an agent

of the commonwealth, and as such a quasi-corporation for the sole purpose of administering the commonwealth's system of public education; it is therefore not liable for the negligence of school directors or of their employees": Ford v. Kendall Borough School District, 121 Pa. 543; Lyon v. Strock et al., 274 Pa. 541; Harris v. Board of Public Education of the School District of Philadelphia, 306 Pa. 546, 550.

Under article x, sec. 1, of our State Constitution, the legislature is given the power to "provide for the maintenance and support of a thorough and efficient system of public schools . . . and shall appropriate at least one million dollars each year for that purpose." Under this clause in the Constitution, the legislature has provided a school system and has set up the school district as the local agent of the State in the administration of such system. Admittedly, the school district cannot act except upon statutory authority expressly given to it by the legislature and has no common-law powers or liability. School districts are, however, given the right under the School Code to sue and be sued. They are liable for taxes and municipal claims, for the removal of nuisances, etc. These powers and liabilities, however, are expressly given them by statute, and the fact remains that they still exist for the sole purpose of administering, as the agent of the Commonwealth, the public school system.

The question, therefore, would seem to resolve itself into whether or not a local municipality, such as a township, may impose a penalty upon a State agency for violation of a local regulation by such State agency or its employes. To allow the judgment to stand in the present case would be in effect to allow the very people whose representatives in the township passed the ordinance to penalize themselves through their own elected representatives, the school directors, for a violation of such ordinance. Apparently, in the Township of Upper Moreland, the school district and the township limits are exactly the same.

It would seem that the local authorities must be given the right to exercise their local police power against State agencies as well as against individuals, but, in the case of State agencies, where a certain thing is required to be done under the local regulations, the question whether or not such State agency should do the thing required by the local regulation might be raised upon a writ of mandamus to compel the officers of the local State agency to comply with such regulation. We do not intend to decide in this opinion that penalties might not be imposed upon, or collected from, the individual officer or officers who might be responsible for violation of local ordinances, but we do decide that the negligent acts of the school directors, whether of omission or commission, may not be imputed to the State of Pennsylvania or collected from any agency of the State—in this case, the school district. See cases cited supra.

Counsel for the plaintiff in the present case has not pointed to any statute which makes a school district subject to a penalty for any violation committed by its employes or officers. The only statute cited by plaintiff, in support of its position, is the Act of May 4, 1927, P. L. 733, sec. 1, which makes school districts liable for taxes . . . for sewer claims and connections, etc. However, in the present case, the suit for a penalty is neither a suit for a tax nor for a sewer claim or connection; it is a suit for a penalty, forfeiture, or claim—as in the nature of a punishment—becoming due as a result of refusal or neglect of the officers of said school district to do something which they are required to do by ordinance. While, under the authority of Skelton v. Lower Merion Township, 298 Pa. 471, it might be contended that the magistrate had sufficient jurisdiction to make the judgment entered a voidable rather than a void judgment, yet we feel that the question raised is so close that the doubt should be

resolved in favor of the State agency—in this case, the school district. We find, therefore, that the magistrate was without jurisdiction to enter judgment for the penalty in the present case against the school district, and that the judgment as entered in the records of this court must be stricken off.

While it might not apply in our consideration of the present motion, it may well be that even if it were decided that the judgment is valid, this court, upon mandamus, would have only a questionable right to order the school district to pay it, because the said district has no fund from which such penalty may be paid, and there is no statutory authority authorizing such payment.

And now, July 13, 1934, for the reasons given in the foregoing opinion, the motion to strike off the judgment is allowed and the judgment is directed to be stricken off.