## Barrett et al. v. Haas, Superintendent of Public Instruction, et al. (No. 1)

*Robert E. Woodside* and *Elmer T. Bolla,* for Department of Justice, Department of Public Instruction, and State Council of Education.

*Patrick E. Kerwin* and *Alphonsus L. Casey,* for School District of the City of Scranton.

*James Powell,* for School District of Lackawanna Township.

*Arthur B. Myers,* for plaintiffs.

SMITH, J., October 8, 1951.—Plaintiffs filed their bill to restrain defendants from taking any action purporting to change the status of a certain township school district. No facts are in dispute. They have all been stipulated.

Pursuant to an election duly held November 8, 1949, the Township of Lackawanna was, on the first Monday of January 1950 annexed to and became part of the City of Scranton—a city of the second class A—for municipal purposes. Prior to the annexation the School District of Lackawanna Township was a separate school district of the fourth class with territory coextensive with that of the annexed township. The School District of the City of Scranton is a school district of the second class.

On November 28, 1949, the Superintendent of the Lackawanna County Schools asked the Superintendent of Public Instruction to advise him as to the effect, if any, the aforesaid annexation proceedings had on the status of the School District of Lackawanna Township. On December 5, 1949, he was told by the Department of Public Instruction that these proceedings did not affect the boundaries of the School District of Lackawanna Township; that sections 227 and 228 of the Public School Code of March 10, 1949, P. L. 30, as amended, required approval by the State Council of Education before any change in the boundaries of the school district could be effected; and that receipt by the Superintendent of Public Instruction of a certified court record of the annexation proceedings would be deemed to be an application to the State Council of Education for a change in the boundaries thereof. Such certified record, including the decree of the court and the vote of the electors effecting such annexation, was thereupon forwarded to and received by the Superintendent of Public Instruction. However, thereafter, on February 1, 1950, upon request of the Super-

intendent of Public Instruction, the Department of Justice advised him that the State Council of Education had no jurisdiction in the matter and that, without any action by the council, it was his mandatory duty to issue a certificate to the effect that the territory comprising the School District of Lackawanna Township was annexed to and became a part of the School District of the City of Scranton on the first Monday of July 1950. Accordingly, the State Council of Education, following the advice of the Department of Justice, took no action in the matter.

Plaintiffs, taxpayers, property owners and residents of the territory formerly known as Lackawanna Township, on June 29, 1950, thereupon filed their bill in this court. After pleading the facts hereinbefore set forth, they averred, in paragraph 15 thereof, "that the defendant, State Council of Education, having jurisdiction over annexations and being empowered to approve, disapprove or refuse changes in school districts of the fourth class, was not given an opportunity to exercise its discretion" and, further, in paragraph 16 thereof, "that the various departments, agencies and State officers are not in accord on the question as to whether or not the School District of Lackawanna Township will be annexed, without a proper determination by the State Council of Education, to the School District of the City of Scranton, by virtue of the annexation of the territory of the Township of Lackawanna to the territory of the City of Scranton for municipal purposes."

Plaintiffs in their bill then prayed for both temporary and permanent relief enjoining and restraining defendants from taking any action to put into effect the advice given by the Department of Justice to the Superintendent of Public Instruction.

On plaintiff's prayer, a preliminary injunction was, on June 29, 1950, issued by this court, and July 5,

1950, fixed as a time for the hearing to continue the same. On the date last mentioned, counsel for all parties in interest entered into and filed a stipulation, approved by the court, wherein it was agreed that the preliminary injunction should be continued "until hearing to be fixed by the court at a time convenient to the parties hereto." Defendants then filed their answers to the bill wherein they averred that the State Council of Education had no authority or jurisdiction to pass upon the question of the annexation of the School District of Lackawanna Township to the School District of the City of Scranton.

Pursuant to a further stipulation by counsel for all parties in interest, approved by the court September 29, 1950, it was agreed under the facts as therein set forth, that the only question before this court was one of law requiring an interpretation of certain provisions of two acts of assembly as particularly specified in paragraph 12, thereof, to wit: Act of June 15, 1939, P. L. 372, sec. 7, 53 PS §10717; Act of March 10, 1949, P. L. 30, as amended, secs. 205(2), 226, and 401(b), 24 PS §2-205(2), 2-226, 4-401(b), and then "apply the law to decide whether or not by virtue of the municipal election the School District of Lackawanna Township becomes annexed to the School District of the City of Scranton as of the beginning of the first school year (first Monday of July 1950) after such annexation has been effected."

### Discussion

All parties in interest agree that the determination of the issue presented by the pleadings and the stipulation of September 29, 1950, depends solely upon the construction of the provisions of the Public School Code of March 10, 1949, P. L. 30, 24 PS §1-101 et seq. And this because the Act of June 15, 1939, P. L. 372, authorizing, inter alia, the annexation of townships

to cities of the second class A provides, section 7, 53 PS §10717, that:

"Nothing herein contained shall be construed to affect the common school laws applicable to the territorial limits of the municipalities involved, nor shall such annexation bring about any merger or consolidation of school districts nor change in any way the rights, liabilities or territorial limits thereof."

Plaintiffs filed their bill under the theory that, irrespective of the physical annexation of the entire Township of Lackawanna to the City of Scranton for municipal purposes, the School District of Lackawanna Township, although its territory was coextensive with that of the annexed township, did not become a part of the School District of the City of Scranton until the State Council of Education had taken the appropriate action approving such change as provided by sections 227 and 228 of the Public School Code of 1949, 24 PS §§2-227-228.*

---

* These sections provide in part:

"Section 227. . . .—Whenever . . . an existing school district of the third or fourth class is affected by the annexation to a city, or borough, or township, of territory included within a school district of the third or fourth class, the clerk of the courts . . . shall . . . make a certified copy of . . . the decree of the court or vote of the electors affecting such annexation, and mail the same to the Superintendent of Public Instruction, . . .

"Section 228. . . .—(a) If . . . the part of a school district remaining after the separation would constitute a school district of the third or fourth class, the receipt of said certified copy shall be deemed an application for the creation of a new school district of the third or fourth class or change in the boundaries of an existing school district of the third or fourth class. . . ."

Subparagraph (a) then provides the method whereby the application is submitted to the State Council of Education and places upon that council the duty to determine whether change in the boundaries of existing school districts of the third and fourth class is desirable and whether the welfare of the pupils within the territory affected thereby will be promoted by change in the boundaries of such existing district.

Subparagraph (b) of this section provides the procedure to be

We have set out in a footnote the provisions of sections 227 and 228, supra, so far as pertinent. These two sections with some differences in arrangement and phraseology, not here material, follow the provisions of section 116 of the prior School Code of May 18, 1911, P. L. 309, as last amended by the Act of May 29, 1931, P. L. 243. Section 116, supra, was construed by our appellate courts in Bethlehem School District Appeal, 351 Pa. 433 (1945) and Irwin Borough Annexation Case (No. 2), 165 Pa. Superior Ct. 134 (1949). In both of these cases only part of the territory comprising a fourth class school district was annexed for municipal purposes to a city or borough. Wherefore, it was held that section 116, supra, applied and that the approval of the State Council of Education was necessary to accomplish a change in the boundaries of the existing school districts of the fourth class. However, in the case at bar, an entire township, the territory of which is coextensive with that of a school district of the fourth class, was annexed to a city of the second class A for municipal purposes. We do not here have a "part of a school district remaining after the separation" which would constitute a separate school district. Accordingly, in our opinion, sections 227 and 228 of the Public School Code of 1949, which sections are required to be construed together, have no bearing on the instant controversy. Plaintiffs in their brief filed with this court on May 14, 1951, concur in this conclusion. In fact, therein plaintiffs abandoned the position taken in paragraph 15 of their bill, hereinbefore quoted, and now contend that the legislature in enacting the Public School Code of 1949, either intentionally or through oversight, did not pro-

followed by the council if it approves the application whereby the school district of the third or fourth class remaining after such annexation shall constitute a separate school district as so changed. Subparagraph (c) thereof sets forth, inter alia, the procedure if the application is not approved and whereby the boundaries of the existing school district shall remain unchanged.

vide for a situation such as that which now confronts us. With this contention we cannot agree.

A school district is a body corporate, a quasi-municipal corporation. It is an agency of the Commonwealth for the performance of prescribed governmental functions: Wilkinsburg Borough v. Wilkinsburg Borough School District et al., 365 Pa. 254 (1950). Within constitutional limits the legislature has the absolute power over political subdivisions of the State, including school districts, and may, among other things, enlarge their areas or destroy their existence: In re Annexation of Baldwin Township, 103 Pa. Superior Ct. 106, 110, affirmed 305 Pa. 490 (1931).

The regulation of these several matters, insofar as they relate to the constitution and change of school districts, is found in article II of the Public School Code of 1949 under the subdivisions "(A) Designation and Classification" (24 PS §§2-201-205), and "(C) Changes in Districts": 24 PS §§2-226-232. Subdivision (A) divides school districts into five classes predicated upon population as follows: First class, those having a population of 1,500,000, or more; first class A, those having a population of 500,000, or more, but less than 1,500,000; second class, those having a population of 30,000, or more, but less than 500,000; third class, those having a population of 5,000, or more, but less than 30,000; and fourth class, those having a population of less than 5,000: 24 PS §2-202. Further, subdivision (A) after providing that all school districts shall remain as now constituted until changed as authorized by the School Code, prescribes, insofar as here material, the conditions under which a change from one class of school district to another class shall be made. Subdivision (C) thereof, among other things, also specifies the time when a change as it relates to the several classes of school districts shall become effective.

It is our duty to construe the Public School Code, if possible, to give effect to all its provisions: Statutory Construction Act of May 28, 1937, P. L. 1019, sec. 51, 46 PS §551. In so doing, we are of the opinion that, under the provisions of subdivisions A and C of article II of the Public School Code of 1949, whenever the entire territory comprising a separate school district of the fourth class is annexed to a city for municipal purposes and the decree of the court or the vote of the electors effecting such annexation has been certified to the Superintendent of Public Instruction, such fourth class school district, without any approval by the State Council of Education, is merged in and becomes part of the school district of the annexing municipality; immediately, if the annexation for municipal purposes is to a city comprising a school district of the first class or first class A (24 PS §2-229), or at the beginning of the first school year thereafter, if the annexation is to a city of another class: 24 PS §2-226. In support of this construction see particularly section 205, entitled "Change of class; how effected" (24 PS §2-205), which section provides that the provisions thereof shall apply when:

"(2) Territory comprising a separate school district is annexed to a city, borough, or township, and the decree of the court or the vote of the electors effecting such annexation has been certified to the Superintendent of Public Instruction;"

Also, section 226, entitled "Change in districts; when effective", supra, which section provides:

"If any new school district is made . . . by the annexation of territory comprising a separate school district to a city, . . ., or if the boundary lines of any school district are changed, by reason of the changing of the boundary lines of any city, . . ., then, in any such case, the change, so far as it relates to school districts or school affairs, shall take effect at the be-

ginning of the first school year after, . . ., such annexation (is) effected, or such change in boundary lines permanently effected."

And section 230, entitled "Approval of contracts and changes after vote for annexation" (24 PS §2-230), which section, among other things, prohibits the board of school directors of a school district of the fourth class, when the territory comprising the same has been annexed to a city after an election duly held and certification of the result made to the court of quarter sessions having jurisdiction of the proceedings—the precise situation now before us—from doing certain specified acts or letting certain specified contracts without the approval of the board of school directors of the school district of the annexing city.

Any interpretation other than the one we have adopted would, in our opinion, do violence to both the spirit and intent of the provisions of the Public School Code heretofore considered.

Under section 401(b) of the Public School Code of 1949, as amended, 24 PS §4-401, the school year of all school districts of the second, third and fourth class begins on the first Monday of July of each year. Therefore, in view of the foregoing, it necessarily follows that the hereinbefore stated interpretation placed upon the Public School Code of 1949 by the Department of Justice is correct. We, therefore, hold that by virtue of the municipal elections held in the City of Scranton and the Township of Lackawanna as certified to the Superintendent of Public Instruction, the School District of Lackawanna Township was merged in and became part of the School District of the City of Scranton on the first Monday of July 1950, and that the Superintendent of Public Instruction is required under the Public School Code to issue a certificate to this effect. Accordingly, the preliminary in-

junction heretofore issued must be dissolved and plaintiff's bill dismissed.

### Decree Nisi

And now, October 8, 1951, upon consideration of the foregoing case, it is ordered, adjudged and decreed that the preliminary injunction heretofore issued enjoining and restraining defendants from taking any action to put into effect the advice given by the Department of Justice to the Superintendent of Public Instruction is hereby dissolved. It is further ordered, adjudged and decreed that the territory comprising the School District of Lackawanna Township was merged in and became part of the School District of the City of Scranton on the first Monday of July 1950, and the Superintendent of Public Instruction is hereby ordered and directed to issue the required certificate to this effect. The prothonotary is directed to enter this decree nisi and forthwith notify the parties to this proceeding or their counsel; if no exceptions are filed within 10 days from the date hereof, a final decree will be entered, costs to be paid by plaintiffs.