## Commonwealth v. Koneff

*Karl E. Richards*, district attorney, and *Carl B. Shelley*, assistant district attorney, for Commonwealth.

*Homer L. Kreider*, for defendant; *Benjamin L. Levi*, for garnishee.

Fox, J., February 18, 1935.—We have before us a motion for a new trial.

The defendant was indicted and convicted for violation of the rules and regulations of the Department of Revenue, viz., in that on January 21, 1934 at no. 1020 Herr Street, Harrisburg, he failed to partly destroy and mutilate certain beverage tax stamps in tapping operations of certain kegs upon which the said stamps had been affixed.

The reasons assigned to sustain the motion are as follows:

"1. The verdict is against the law.

"2. The defendant was not charged with an indictable offense.

"3. The regulation of the Department of Revenue upon which the defendant was convicted is illegal.

"4. That portion of the Act of December 5, 1933, P. L. 50, purporting to delegate to the Department of Revenue the right and authority to make the rules and regulations for the alleged violation of which the defendant was convicted in this case, is unconstitutional.

"5. The verdict was against the evidence.

"6. The verdict was against the weight of the evidence for the reason that there was no testimony adduced which showed that the said Koneff did 'wilfully, maliciously, knowingly and unlawfully fail, neglect or refuse to comply with the rules and regulations of the Department of Revenue' or that he 'did fail to

partly destroy or mutilate certain beverage tax stamps in certain tapping operations on certain kegs upon which the said stamps had been affixed'.

"7. The title to the Act of May 5, 1933, P. L. 284, as amended by the Act of December 5, 1933, P. L. 50, is fatally defective because it gives no notice of the alleged transfer of the powers and duties alleged to be delegated to the Department of Revenue which form the basis of the prosecution in this case."

The Act of May 5, 1933, P. L. 284, provides inter alia, for beverage tax stamps or crowns to be affixed to each individual container of beverages by manufacturers and by distributors (see sections 3 and 4), charges the Department of Revenue with the enforcement of the provisions of the act and empowers the department to prescribe, adopt, promulgate and impose rules and regulations pertaining to the administration, enforcement and the collection of taxes, etc. (See section 15.) The said act, which was amended by the Act of December 5, 1933, P. L. 50, provides in section 15 as follows: "The department is hereby charged with the enforcement of the provisions of this act, and is hereby authorized and empowered to prescribe, adopt, promulgate, and enforce rules and regulations relating to any matter or thing pertaining to the administration and enforcement of the provisions of this act, and the collection of taxes, penalties and interest imposed by this act." The rule made by the department is as follows: "When the Pennsylvania Beverage Tax Stamp is placed in this manner, it will be partly destroyed or mutilated in the tapping operation which requires the mutilation of the Federal Stamp as well as the State Stamp in such tapping operation."

The defendant contends as his fourth reason that the said department did not have the right and authority to make the said rule.

The legislature made a violation of said rule a criminal offense.

In 12 C. J. 847, it is said: "the rule is now established that the legislature may authorize an officer to make rules and regulations for the purpose of carrying out the objects of the statute, and may make a violation of these rules a criminal offense, punishable in a manner prescribed by existing law."

In 6 R. C. L. 181, the following is laid down:

"While the legislature cannot delegate to a board or to an executive officer the power to declare what acts shall constitute a criminal offense, it is competent for it to authorize a commission to prescribe duties on which the law may operate in imposing a penalty and in effectuating the purpose designed in enacting the law. . . . In a case where the statute itself prescribes punishment for violation of a regulation of a board or commission, it cannot be said that it is unconstitutional on the theory that legislative power to create crimes is delegated to such body. A specific illustration of the application of this principle is presented where it is held that legislative power delegated to the secretary of agriculture by the provisions of the forest reserve acts, making criminal the violation of the rules and regulations covering forest reservations made and promulgated by him under authority of such statutes, is constitutional."

In the case of Baldwin Township's Annexation, 305 Pa. 490, the court at page 494, said:

" 'The legislature cannot delegate its power to make a law; but it can make a law to delegate a power to determine some fact or state of things upon which the law makes, or intends to make, its own action depend. To deny this would be to stop the wheels of government. There are many things upon which wise and useful legislation must depend, which cannot be known to the law-making power; and must, therefore, be a subject of inquiry and determination outside of the halls of legislation. . . . If a determining power cannot be delegated,

then there can be no power delegated to city councils, commissioners, and the like, to pass ordinances, by-laws and resolutions in the nature of laws, binding and affecting both the persons and property of the citizens. If a determining power cannot be conferred by law, there can be no law that is not absolute, unconditional and preëmptory.' "

In the case of United States v. Shreveport Grain & Elevator Co., 287 U. S. 77, 85, the court stated the rule as follows:

"That the legislative power of Congress cannot be delegated is, of course, clear. But Congress may declare its will, and after fixing a primary standard, devolve upon administrative officers the 'power to fill up the details' by prescribing administrative rules and regulations. That the authority conferred by the act now under review in this respect does not transcend the power of Congress is not open to reasonable dispute. The effect of the provision assailed is to define an offense, but with directions to those charged with the administration of the act to make supplementary rules and regulations allowing reasonable variations, tolerances and exemptions, which, because of their variety and need of detailed statement, it was impracticable for Congress to prescribe. The effect of the proviso is evident and legitimate, namely, to prevent the embarrassment and hardship which might result from a too literal and minute enforcement of the act, without at the same time offending against its purpose. The proviso does not delegate legislative power but confers administrative functions entirely valid within principles established by numerous decisions of this court, of which the following may be cited as examples. *Buttfield* v. *Stranahan*, 192 U. S. 470, 496; *Plymouth Coal Co.* v. *Pennsylvania*, 232 U. S. 531, 542; *United States* v. *Grimaud*, 220 U. S. 506, and authorities reviewed."

The question is whether the statute prescribes a sufficiently definite standard as a guide for the administrative agency in carrying out the legislative will. The precision of a criminal statute is not required: Mahler et al. v. Eby, Inspector, 264 U. S. 32.

In the case of Revocation of Wolf's License, 115 Pa. Superior Ct. 514, the court said that "regulations of the Liquor Control Board not inconsistent with the statute have the force of law".

This rule was not inconsistent with the statute, but is for the purpose of carrying out its object, viz., the collection of the tax and to prevent fraud by cheating the Commonwealth out of the tax.

We have considered the cases submitted to us by counsel for the defendant in his brief, but they do not overthrow the rule established according to the foregoing authorites.

Reasons numbers 2, 3 and 4 cannot be sustained.

In reason number 7, the defendant contends that the said acts are fatally defective because they do not give any notice of the alleged powers of the Department of Revenue. In the title of the Act of May 5, 1933, P. L. 284, the following appears: "Conferring powers and imposing duties on the Department of Revenue, and those using or engaged in the sale, at retail or wholesale, of alcoholic beverages taxable hereunder; and providing penalties." The title of the Act of December 5, 1933, P. L. 50, contains, inter alia, the following: "To amend certain sections of the act approved the fifth day of May, one thousand nine hundred thirty-three (Act number one hundred four) . . . '. . . conferring powers and imposing duties on the Department of Revenue, and those . . . engaged in the sale, at retail or wholesale, of alcoholic beverages taxable hereunder; and providing penalties' ".

We are of the opinion that this is sufficient and the acts are not fatally

defective: Leinbach's Estate, 241 Pa. 32; Mallinger v. Pittsburgh, 316 Pa. 257.

As to reason number 1, we do not concur.

With numbers 5 and 6, to wit, that the verdict was against the evidence and the weight of the evidence, we are not in accord. The defendant was the owner of the license. The evidence discloses that a number of State revenue stamps such as are required by the acts, herein referred to, were not mutilated but were neatly piled in the open in the cellar beside some Federal stamps, also not mutilated. Under the evidence the jury had the right to infer and find that the defendant, the proprietor of the place and licensee, saw these stamps in his cellar, knew they were there, furnished no explanation of their presence, and was a party to the violation of the law, to wit, the failure to mutilate the stamps.

Wherefore we are of the opinion that the motion in arrest of judgment and for a new trial has not been sustained and should be overruled.

And now, February 18, 1935, upon due consideration the motion in arrest of judgment and for a new trial is hereby overruled and the district attorney is directed to call the defendant for sentence.