State Board of Chiropractic Examiners *v.* Life
Fellowship of Pennsylvania, Appellant.

Argued November 12, 1969. Before BELL, C. J., JONES, COHEN, EAGEN, O'BRIEN, ROBERTS and POMEROY, JJ.

*Smith B. Gephart*, with him *Killian, Gephart & Snyder*, for appellant.

*Victor L. Schwartz*, Assistant Attorney General, for appellee.

OPINION BY MR. JUSTICE ROBERTS, January 7, 1971:

At issue in this appeal is the constitutionality of Section 15 of the Chiropractic Registration Act, which requires that chiropractors, to be eligible for renewal of their annual registration and license, must demonstrate that they have attended one two-day educational conference held by the Pennsylvania Chiropractic Society, or an equivalent educational conference. We agree with the Court of Common Pleas of Dauphin

County (Commonwealth Docket) that Section 15 as enacted, violates Article III, Section 32 and Article II, Section 1 of the Pennsylvania Constitution. However, we disagree with that court's holding that the offending words of Section 15 were severable from the statute.

This case arose out of the following circumstances. In 1968, the Life Fellowship of Pennsylvania, a professional association of chiropractors, applied to the State Board of Chiropractic Examiners for approval of a two-day educational conference, which Life Fellowship proposed to hold. The reason for conducting the conference was to satisfy the requirements of Section 15 of the Act. Section 15 provides in pertinent part: "No applicant for registration shall be granted a registration for the ensuing license year unless the applicant shall furnish to the board satisfactory evidence that he has attended not less than one two-day educational conference by the Pennsylvania Chiropractic Society, Inc., during the current license year, or that he has attended an equivalent educational conference during the same period. An equivalent educational conference shall be one approved or ratified by the board as meeting the educational and professional requirements of the profession." Act of August 10, 1951, P. L. 1182, §15, 63 P.S. §615.

The Board dismissed the application. Life Fellowship appealed to the Dauphin County Court sitting as the Commonwealth Court, which held that the references to the Society made the statute a special law in violation of Art. III, Section 32, and also that the automatic approval of conferences held by the Society was an unlawful delegation of legislative power under Article II, Section 1. The Commonwealth Court, however, concluded that the statute would be valid if all references to the Society were stricken. It therefore dismissed the appeal, but observed that the Board must now promulgate additional rules relative to the approv-

al or disapproval of conferences so as to comply with Section 15 after severance of the offending language.

Thereafter, Life Fellowship appealed to the Superior Court, which affirmed per curiam. This Court granted a petition for allowance of appeal.

## I. Constitutionality

Article III, Section 32 of the Pennsylvania Constitution provides in part: "The General Assembly shall pass no local or special law in any case which has been or can be provided for by general law . . . ."

We agree with the Commonwealth Court that the statutory privilege granted to the Society under Section 15 violates this section of the constitution. Section 15 is part of a scheme of legislative regulation designed to protect the public and to insure that practitioners of chiropractic meet certain standards of educational and professional competence. The Legislature in adopting such regulatory statutes may grant certain exemptions, but such particular exemptions must be founded upon "sound reason and real necessity". *Commonwealth v. McDermott,* 296 Pa. 299, 304, 145 Atl. 858, 859 (1929). Where the exemption granted is to a specific organization rather than to a class or group, the necessity and reason for such an exemption must be still more firmly grounded. See *Haverford Township v. Siegle,* 346 Pa. 1, 5, 28 A. 2d 786, 788 (1942).

In *Commonwealth v. McDermott,* supra, this Court found that the high standing and capacity for effective charity work of the exempt class of organizations there involved was a matter of common knowledge and was the undoubted basis of the Legislature's grant of an exemption. In the present case, however, there is no indication that the Legislature relied upon either the standing or adequacy of the Society in framing the exemption contained in Section 15. Nor is there any

indication in the record that the regulatory professional standard embodied in the statute should not be applicable to the Society or that subjection of the Society to such regulation would have untoward effects.

We conclude that the record before us fails to demonstrate any sound reason or real necessity for the specific exemption from certified compliance with the educational and professional requirements of the chiropractic profession which Section 15 extends to the Society's conferences, and therefore Section 15 is an unlawful special law.

We also agree with the Commonwealth Court that the preferential treatment accorded the Society violates Article II, Section I, of the Pennsylvania Constitution which provides: "The Legislative power of this Commonwealth shall be vested in a General Assembly, which shall consist of a Senate and a House of Representatives."

It is axiomatic that the Legislature cannot delegate its power to make laws to any other branch of government, or to any other body or authority. *Chartiers Valley Joint Schools v. Allegheny County Board of School Directors*, 418 Pa. 520, 211 A. 2d 487 (1965); *Archbishop O'Hara's Appeal*, 389 Pa. 35, 131 A. 2d 587 (1957); *Holgate Brothers Co. v. Bashore*, 331 Pa. 255, 200 Atl. 672 (1938); *Baldwin Township Annexation*, 305 Pa. 490, 158 Atl. 272 (1931). "While not specifically set forth in the Constitution, the non-delegation rule is a natural corollary to Article II, §1 since it requires that the basic policy choices involved in 'legislative power' actually be made by the Legislature as constitutionally mandated. It is generally agreed that the non-delegation principle does not require that all details of administration be precisely or separately enumerated in the statute. 'While the legislature cannot delegate power to make a law, it may, where necessary, confer authority and discretion in connection with the execution

of the law; it may establish primary standards and impose upon others the duty to carry out the declared legislative policy in accordance with the general provisions of the act.' . . . However, legislation must contain adequate standards which will guide and restrain the exercise of the delegated administrative functions." *Chartiers Valley Joint Schools v. Allegheny County Board of School Directors*, supra, at 529, 211 A. 2d at 492-93 (citations omitted).

Guided by these principles, we hold that a statute stating attendance at a conference of a particular chiropractic society will satisfy license and registration standards, without providing any guide or criterion, is an unlawful delegation to that society of the power to determine the requirements, quality and nature of chiropractic continuing education, and is an abrogation by the General Assembly of its constitutional legislative duties.

## II. Severability

Section 55 of the Statutory Construction Act states: "The provisions of every law shall be severable. If any provision of a law is found by a court of record to be unconstitutional and void, the remaining provisions of the law shall, nevertheless, remain valid, *unless the court finds the valid provisions of the law are so essentially and inseparably connected with, and so depend upon, the void provision, that it cannot be presumed the Legislature would have enacted the remaining valid provisions wtihout the void ones; or unless the court finds the remaining valid provisions, standing alone, are incomplete and are incapable of being executed in accordance with the legislative intent."* Act of May 28, 1937, P. L. 1019, art. IV, §55, 46 P.S. §555. (Emphasis added.)

We have set out the principles to be followed in analyzing this type of problem in *Saulsbury v. Bethle-*

*hem Steel Co.*, 413 Pa. 316, 196 A. 2d 664 (1964): "It is true that a statute or ordinance may be partially valid and partially invalid, and that if the provisions are distinct and not so interwoven as to be inseparable, that the courts should sustain the valid portions. . . . [citing cases]. In determining the severability of a statute or ordinance, the legislative intent is of primary significance. However, the problem is two-fold: The legislating body must have intended that the act or ordinance be separable and the *statute or ordinance must be capable of separation in fact.* The valid portion of the enactment must be independent and complete within itself. See, Sutherland, Statutory Construction, Vol. 2 (3d ed. 1943) §§2403, 2404 and cases cited; also, Cooley, Constitutional Limitations, Vol. 1 (8th ed.), Chapter VII, at 368." Id. at 320-21, 196 A. 2d at 666-67.

With the deletions ordered by the Dauphin County Court, Section 15 reads as follows: "No applicant for registration shall be granted a registration for the ensuing year unless the applicant shall furnish to the board satisfactory evidence that he h'as attended not less than one two-day educational conference ['by the Pennsylvania Chiropractic Society, Inc.' was deleted] during the current license year, or that he has attended an equivalent educational conference during the same period. An equivalent educational conference shall be one approved or ratified by the board as meeting the educational and professional requirements of the profession."

Applying the *Saulsbury* principles noted above to this case, we hold that the unconstitutional portion of Section 15 as enacted, namely, the reference to the Pennyslvania Chiropractic Society, Inc., is not capable of separation in fact from the rest of the statute. We are mindful that "in determining a statute's validity we must look to its purpose, its nature and its reason-

able effect; we are not limited to the mere letter of the law but must look beyond the letter to determine its true purpose and effect." *Pennsylvania Water & Power Resources Bd. v. Green Spring Co.*, 394 Pa. 1, 6, 145 A. 2d 178, 181 (1958). However, the references to the "equivalent conference" in the first and second sentences of Section 15 as "cleansed" by the Commonwealth Court become meaningless. The reference to the Pennsylvania Chiropractic Society, Inc., in Section 15 as enacted, was "essentially and inseparably connected in substance" to the statute and cannot be severed. *Rieck-McJunkin Dairy Co. v. Milk Control Commission*, 341 Pa. 153, 18 A. 2d 868 (1941) ; *Rutenberg v. Philadelphia*, 329 Pa. 26, 196 Atl. 73 (1938) ; see also *Kellerman v. City of Philadelphia*, 139 Pa. Superior Ct. 569, 13 A. 2d 84 (1940).

Conceivably the statute could be further rewritten so as to avoid constitutional infirmities. However, such a task lies properly with the Legislature, for additional editing of Section 15 on our part would amount to judicial legislation. See *Saulsbury v. Bethlehem Steel Co.*, supra, at 320, 196 A. 2d at 667.

The order of the Superior Court affirming the order of the Court of Common Pleas of Dauphin County is reversed.

Mr. Chief Justice BELL and Mr. Justice EAGEN concur in the result.

Mr. Justice COHEN took no part in the decision of this case.

———

CONCURRING AND DISSENTING OPINION BY MR. JUSTICE POMEROY:

I agree with Part I of the opinion of the Court holding, as did the courts below, that Section 15 of the Chiropractic Registration Act of 1951 is unconstitutional as written. I respectfully disagree with Part II of the opinion, holding that the offending portions of

the section cannot be severed from the remainder, so as to leave in force a valid regulatory section consonant with what appears to have been the legislative intent.

The issue is one of determining whether the unconstitutional provisions of the statute are severable and whether the statute can stand as a coherent whole and can express the basic intent of the legislature without those offending sections. "Whether or not one part of a statute can survive the excision of another part which has been held invalid is a question of statutory construction, and in determining it the court searches for the intention of the legislature." *Rieck-McJunkin Dairy Co. v. Milk Control Commission of Pennsylvania,* 341 Pa. 153, 162, 18 A. 2d 868 (1941). Our basic guideline in approaching these questions, as the Court recognizes, is the Statutory Construction Act, Section 55 of which provides in part as follows: "The provisions of every law shall be severable. If any provision of a law is found by a court of record to be unconstitutional and void, the remaining provisions of the law shall, nevertheless, remain valid, unless the court finds the valid provisions of the law are so essentially and inseparably connected with, and so depend upon, the void provision, that it cannot be presumed the Legislature would have enacted the remaining valid provisions without the void one; or unless the court finds the remaining valid provisions, standing alone, are incomplete and are incapable of being executed in accordance with the legislative intent." Act of May 28, 1937, P. L. 1019, art. IV, §55, 46 P.S. §555.

The Dauphin County Court, having reached the decision that the section in question was unconstitutional, struck from it the reference to the Pennsylvania Chiropractic Society. There remained, however, the phrase "an equivalent educational conference". The court below recognized that this was awkward, since the quoted phrase had meaning only with reference to the deleted

reference to the Society. Indeed, as the majority opinion indicates, an "equivalent" conference is unintelligible standing without the stricken reference to the Society. It is, in the words of the Statutory Construction Act, "inseparably connected with" the reference to conferences of the Society. The solution, however, is neither a rewriting of the section, which the Court properly declines to do, or holding the entire section void, which is what the Court does, but merely the striking of the clause requiring attendance at an "equivalent" conference, together with the adjective "equivalent" in the following sentence. If this were done, the remaining portion of the first paragraph of Section 15 would read as follows: "No applicant for registration shall be granted a registration for the ensuing license year unless the applicant shall furnish to the board satisfactory evidence that he has attended not less than one two-day educational conference during the current license year. An educational conference shall be one approved or ratified by the board as meeting the educational and professional requirements of the profession." I am satisfied that the statute in this form, after deletion of the offending portions, would not ignore, or subvert, the purpose of the legislature in enacting the statute. Taken as a whole, Section 15 reflects a general legislative intent to insure the exposure of registered chiropractors to an educational conference which will satisfy certain requirements established by the Board. Set against this basic legislative purpose of Board certification pursuant to a legislative standard, the statutory reference to conferences held specifically by the Society—and the corollary to that reference, "equivalent" conferences—is but incidental. Thus there is no valid basis for concluding that the indicated words and phrases are not properly separable from the statute as a whole.

The cases relied upon by the Court are, in my opinion, better authority for the position here espoused. Thus, in *Rieck-McJunkin Dairy Co. v. Milk Control Commission,* supra, the Court, speaking through Mr. Justice, later Chief Justice STERN, said: "Even in the absence of a statutory declaration, it has never been considered a barrier to the application of the principle of severability that the valid and invalid provisions are contained in the same paragraph or section of the act, the only question being whether or not they are essentially and inseparably connected in substance: [citations omitted]. . . ." 341 Pa. at 162, 163. Again, in *Rutenberg v. Philadelphia,* 329 Pa. 26, at page 39, the test of severability was restated thus: ". . . after the invalid portion of the act has been stricken out, whether that which remains is self-sustaining and is capable of separate enforcement without regard to that portion of the statute which has been cast aside. If this be true the statute should be sustained to the extent of that which remains." That which would remain of Section 15, paragraph one, as above quoted, is both self-sustaining and capable of separate enforcement without regard to the deleted portion. Nor do I consider that *Saulsbury v. Bethlehem Steel Co.,* 413 Pa. 316, 320-21, 196 A. 2d 664 (1964), also relied on by the majority, compels a different result. The statutory provisions there involved, unlike those in this case, were indeed "so interwoven as to be inseparable". The judicial surgery here suggested, on the other hand, would not be so radical as to eviscerate the statute; rather, it would save the legislative purpose and directive as a viable instrument for regulation of the chiropractic profession.

Appellant contends that if the Act were to be thus construed it would constitute an invalid delegation of authority to the State Board of Chiropractic Examiners to the extent that the sole standard governing the

Board's approval of educational conferences would be the requirement that such conferences meet "the educational and professional requirement of the profession". I am unable to agree. The Court has previously held that a statutory direction that the Superintendent of Public Instruction pass on the merits of petitions for the creation of independent school districts "from an educational standpoint" was not unconstitutionally vague or uncertain. *Weaverland Ind. School District Case*, 378 Pa. 449, 455, 106 A. 2d 812 (1954). The standard here in issue would certainly be no less precise than that employed in the *Weaverland* case. It would be reasonably related to the objects of the legislature, would militate against arbitrary or capricious action by the Board and permit judicial review of the Board's action. See *Com. of Pa. Water & P. R. Bd. v. Green Spring Co.,* 394 Pa. 1, 9-10, 145 A. 2d 178 (1958).

I conclude that the invalid portions of the Act are properly severable from the Act as a whole and should be stricken; and that the Act, as it would read following such severance, is not an unconstitutional delegation of legislative power to the Board. I would therefore indicate disapproval of the adjudication of the State Board of Chiropractic Examiners to the extent that it was based on the provisions of Section 15 of the Chiropractic Registration Act of 1951 as originally enacted and prior to severance of the unconstitutional portions. Accordingly, I would affirm the order of the Superior Court, which affirmed the order of the Court of Common Pleas dismissing the appeal from the State Board adjudication.[1]

---

[1] The adjudication of the State Board and the appeal therefrom by appellant related to an educational conference proposed to be held in June, 1968. Obviously the requested conference cannot now be held and the specific application therefor is not susceptible of further action by the State Board or the court below, nor was it susceptible of such action at the time of the decision of

Mr. Justice JONES joins in this concurring and dissenting opinion.

the lower court on September 30, 1968. For this reason the appeal from the State Board was properly dismissed. Because, however, of the necessarily recurrent nature of the questions involved in this appeal, the controversy is not moot. *Werner v. King*, 310 Pa. 120, 164 Atl. 918 (1933); *Devlin v. Osser*, 434 Pa. 408, 254 A. 2d 303 (1969).