City of Scranton, Appellant, *v.* Leo Lynn,
Appellee.

Argued February 5, 1973, before President Judge
BOWMAN and Judges CRUMLISH, JR., KRAMER, WILKIN-
SON, JR., MENCER, ROGERS and BLATT.

*David J. Reedy, Jr.,* for appellant.

*Charles F. Wilson,* with him *Epstein, O'Neill & Utan,* for appellee.

OPINION BY JUDGE CRUMLISH, JR., September 26, 1973:

This is an appeal from a decision of the Court of Common Pleas, Lackawanna County, declaring the Act of August 31, 1971, P. L. 413, No. 98, as amended, 53 P.S. §101 (Act No. 98) unconstitutional.

On October 8, 1971, Leo Lynn filed in the Court of Common Pleas, Lackawanna County, a petition for a declaratory judgment. This petition sought a determination of the constitutionality of Act No. 98 which in pertinent part reads:

"For the purpose of legislation regulating their municipal affairs, the exercise of certain corporate powers, and having respect to the number, character, powers and duties of certain officers thereof, the cities now in existence or those hereafter created in this Commonwealth shall be divided into four classes:

. . . .

"Those containing a population of one hundred thousand and under five hundred thousand and which by ordinance elect to be a city of the second class A shall constitute the second class A.

"Those containing a population of under five hundred thousand and which have not elected to become a city of the second class A shall constitute the third class."

The Council of the City of Scranton, by ordinance duly passed, elected to become a City of the Second Class A.

In an opinion dated March 8, 1972, the court below determined that the statute was unconstitutional, holding that the delegation of power from the Legislature to the city governing body by which it could determine its municipal classification was an unlawful delegation of legislative power.

The City of Scranton (Appellant) appeals the decision to this Court.

Appellant contends that Act No. 98 does not unlawfully delegate legislative power to the governing body of the city involved, nor does it constitute either special legislation or an ex post facto law.[1]

Article III, Section 20 of the Pennsylvania Constitution provides as follows:

"The Legislature shall have the power to classify counties, cities, boroughs, school districts and townships according to population, and all laws passed relating to each class, and all laws passed relating to, and regulating procedure and proceedings in court with reference to any class, shall be deemed general legislation within the meaning of the Constitution."

Appellee successfully argued in the court below that since the Pennsylvania Constitution provides that "[t]he *Legislature* shall have the power to classify . . . cities . . ." (emphasis added), the portion of Act No. 98 allowing a city through ordinance to determine if it is a third class or second class A city is an unlawful delegation of legislative power.

Appellant, of course, vigorously disputes this position. We agree with Appellant and reverse the decision of the court below.

Before analyzing the case law in this area, it is necessary to again repeat the oft-quoted maxim that every

---

[1] These last two questions, whether Act No. 98 constitutes special legislation or an ex post facto law, were issues raised in the court below, but not decided, since the Act was found unconstitutional on more fundamental questions, i.e., that it contains an unlawful delegation of legislative power.

reasonable presumption must be made in favor of the validity of statutes or acts and that a court should not be quick to sustain a constitutional attack on them. *Hadley's Case,* 336 Pa. 100, 6 A. 2d 874 (1939); *Commonwealth v. Lukens,* 312 Pa. 220, 167 A. 167 (1933); *Gottschall v. Campbell,* 234 Pa. 347, 83 A. 286 (1912).

While it is generally established that a state legislature cannot delegate any fundamental or basic power necessary to government, *Wilson v. Philadelphia School District,* 328 Pa. 225, 195 A. 90 (1937), it has also been declared that the prohibition against delegation of legislative power is not violated by committing certain legislation relating to municipal affairs to the legislative branch of the municipality. *City of Scranton v. Hollenberg,* 152 Pa. Superior Ct. 138, 31 A. 2d 437 (1943).

We feel an examination of *Locke's Appeal,* 72 Pa. 491 (1873) is particularly instructive in the disposition of the case at hand. In *Locke's Appeal,* 72 Pa. 491 (1873), the question for determination was whether an act passed by the Legislature, allowing a certain segment of the voters of Philadelphia to determine if liquor licenses should be granted in that particular area, was an unconstitutional delegation of *legislative* power. In declaring the act constitutional and not fatally soiled by an unlawful delegation, Justice AGNEW, speaking for the Court declared: "So long, therefore, as the legislature only calls to its aid the means of ascertaining the utility or expediency of a measure, and does not delegate the power to make law itself, it is acting within the sphere of its just powers." 72 Pa. at 497.

Later in this same opinion, Justice AGNEW outlined what he felt the true distinction was in this kind of case: ". . . The legislature cannot delegate its power to make a law; but it can make a law to delegate a power to determine some fact or state of things upon

which the law makes, or intends to make, its own action depend." 72 Pa. at 498.

These principles were later applied in *Baldwin Township's Annexation*, 305 Pa. 490, 158 A. 272 (1931). There our Supreme Court held that the Act requiring the consent of the state council of education prior to an annexation of territory was not an unlawful delegation of legislative authority.

That Court reasoned that the required consent of the state council of education prior to annexation did not bestow law-making power on the council, but merely gave the council the power to determine when a law duly passed by the Legislature would become operative.

Act No. 98 provides that the governing body of a municipality having a population of at least one hundred thousand and less than five hundred thousand shall have the power to determine if it shall constitute a City of the Second Class A or a Third Class City. The real question then is whether this power bestowed by the Legislature on the municipality is the power to make laws, a power exclusively possessed by the Legislature, or is it merely the ability to determine which classification or form of government created *by the Legislature* will become operative and hence a power that can be constitutionally delegated to a municipality.

We hold that the choice given a city of a population between one hundred thousand and five hundred thousand by the Legislature falls within the latter designation and is not an unlawful delegation of legislative power. The Legislature has provided the legal framework for classification of cities and all that remains for the municipality is for it to determine into which category it best fits.

Since the lower court found that Act No. 98 was unconstitutional due to an unlawful delegation of legislative power, it did not specifically pass on the question of whether the Act constitutes special and local

legislation or is an ex post facto law. We are constrained to briefly touch on these points.

Appellee contends that since only those cities in Pennsylvania with a population between one hundred and five hundred thousand are given the discretion, through Act No. 98, to determine their particular class, Act No. 98 is special or local legislation.

Article 3, Section 20 of the Pennsylvania Constitution provides: "The Legislature shall have power to classify . . . cities . . . and all laws relating to each class . . . *shall be deemed general legislation within the meaning of this Constitution.*" (Emphasis supplied.)

Even in light of this constitutional provision, Appellee persists in its argument that the legislative directive which gives only those cities with that population classification the power to determine their class is special and local legislation. Our holding that Act No. 98 is not an unconstitutional delegation of legislative power considerably removes the vitality of that position. The argument can be finally disposed of by examining the case of *Commonwealth ex rel. Fertig v. Patton,* 88 Pa. 258 (1878), where the Supreme Court of Pennsylvania held that legislation pertaining to a certain *geographical area* is special legislation, because ". . . such classification operates upon certain cities or counties to the perpetual exclusion of all others. . . ." 88 Pa. at 260. The Supreme Court, however, pointed out that a classification based on population was not afflicted by the same infirmity, because a population classification necessarily provides a formula for future entrance or exit of cities or counties.

In the case at hand, although Scranton, Erie and Allentown are presently the only cities with a population in the one to five hundred thousand range, other cities indeed have the potential to grow, or for that matter decline, into this population designation. Since no restrictions are placed on any city, each has the po-

228

tential to enter this range and, upon doing so, use the corresponding power to choose its own class. Since this power potentially belongs to all cities in the Commonwealth, it is clear that Act No. 98 is not local or special legislation.

Finally, there remains the question of whether Act No. 98 is an ex post facto law. We have carefully reviewed the cases in this area and are satisfied that this contention is also without merit and accordingly will require no discussion.

### ORDER

AND NOW, this 26th day of September, 1973, the order of the Court of Common Pleas of Lackawanna County dated March 8, 1972, is reversed.