**Citizenship Requirements of the Liquor Code**

PACKEL, Attorney General, September 18, 1974.—
The Liquor Control Board was advised in Official
Opinion No. 23, issued April 30, 1974, that the citizen-
ship provision of the Liquor Code, 47 PS §4-403(c), was
unenforceable in that it was clearly unconstitutional
and in contravention of Federal law as applied to
resident aliens. Confusion has now arisen in regard
to the application of this ruling to the citizenship re-
quirements of foreign corporations having nonresi-
dent alien officers and/or stockholders. It is our opin-
ion, and you are hereby advised, that the citizenship re-
quirements of section 4-403(c) of the Liquor Code
must now be treated as unenforceable in their entirety
in view of the fact that those provisions which are
clearly unconstitutional cannot be separated from the
remainder of the legislation in question. Accordingly,
you are advised that the Liquor Control Board should
take no action to refuse or revoke any license on the
basis of alienage of applicants or nationality of the
officers or stockholders of corporate applicants.

The provision of the Liquor Code now under
examination provides:

"If the applicant is a corporation, the application
must show that the corporation was created under the
laws of Pennsylvania or holds a certificate of authority
to transact business in Pennsylvania, that *all officers,
directors, and stockholders are citizens of the United
States, and that the manager of the hotel, restaurant*

*or club is a citizen of the United States"*: Act of April 12, 1951, P.L. 90, art. IV, sec. 403(c), as amended, 47 PS §4-403(c). (Emphasis supplied.)

Increasingly, citizenship requirements similar to those found in the Liquor Code have come under attack and the Pennsylvania Attorney General has consistently advised that such requirements are not enforceable: O. O. No. 23, Op. Pa. Atty. Gen. (April 30, 1974) on Liquor license applicants; O. O. No. 52, Op. Pa. Atty. Gen. (June 20, 1973) on public weighmasters; O. O. No. 4, Op. Pa. Atty. Gen. (Jan. 15, 1973) on scholarship applicants; O. O. No. 116, Op. Pa. Atty. Gen. (April 4, 1972) on practical nurses; O. O. No. 113, Op. Pa. Atty. Gen. (March 15, 1972) on pharmacists; O. O. No. 112, Op. Pa. Atty. Gen. (March 15, 1972) on real estate brokers; O. O. No. 92, Op. Pa. Atty. Gen. (1971) on veterinarians.

In declaring licensing provisions which require citizenship status unconstitutional, the Attorney General has relied heavily on the constitutional and statutory rights of resident aliens. These rights are protected by the United States Constitution in the Fourteenth Amendment and by Federal law, 42 USC §1983. Recent Supreme Court decisions have affirmed the rights of resident aliens beyond question: In re Griffiths, 413 U.S. 171, 93 S. Ct. 2851, 37 L. Ed. 2d 910 (1973); Sugarman v. Dougall, 413 U.S. 634, 93 S. Ct. 2842, 37 L. Ed. 2d 853 (1973); and Graham v. Richardson, 403 U.S. 365, 91 S. Ct. 1848, 29 L. Ed. 2d 534 (1971).

The instant case differs significantly from those dealt with in previous Attorney General's rulings in that it does not involve resident aliens. The aliens presently under consideration are nonresidents and,

thus, are not expressly protected by the Constitution or Federal civil rights acts, 42 USC §1983.*

In this case, there is no need to require that the citizenship provisions of the .Liquor Code be treated as unconstitutional when independently applied to nonresident aliens. The questioned section has already been treated as unconstitutional as applied to resident aliens, O. O. No. 23, Op. Pa. Atty. Gen. (April 30, 1974), and the language unconstitutionally infirm against resident aliens is so inseparable and interwined with that as applied against nonresidents that it cannot continue to stand.

In order for section 4-403(c) to remain as a bar against corporations with nonresident alien stockholders or officers, it would be necessary to find that the legislature intended this application to be separable from application to resident aliens and the statute itself must be capable of separation in fact: Dorchy v. Kansas, 264 U.S. 286, 44 S. Ct. 323, 68 L. Ed. 686 (1924). Commonwealth v. Armao, 446 Pa. 325, 286 A. 2d 626 (1972); Saulsbury v. Bethlehem Steel Co., 413 Pa. 316, 196 A. 2d 664 (1964). It appears that both essential elements are lacking.

---

* The application of citizenship requirements to foreign citizens may also be in conflict with various treaty provisions between the United States and numerous foreign nations granting to the citizens of signatory nations full commercial trade rights equal to those of American citizens, 1935 Op. N.Y. Attorney General 133 (May 15, 1935); 1933 Op. N.Y. Attorney General 94 (October 9, 1933). The denial to a foreign citizen of the right to be an officer, director or stockholder of a corporation holding a Pennsylvania liquor license, while United States citizens were not equally restricted, would constitute a breach of such treaties. Where section 4-404(c) contravenes a United States treaty obligation it is unconstitutional, United States Constitution, Art. VI, Cl. 2.

There is no reason to believe that the legislature desired that the provision in question read to apply to nonresident aliens. In the first place, the provision does not even mention "residency" but refers exclusively to citizenship requirements. At the time of its enactment citizenship classifications were not clearly unconstitutional as they now are in light of recent Supreme Court rulings. To translate for present purposes the term "citizen" to mean "resident" would be to amend the statute rather than to construe it—a wholly inappropriate activity. See State Board of Chiropractic Examiners v. Life Fellowship of Pennsylvania, 441 Pa. 293, 272 A. 2d 478 (1971); Wiegand v. Wiegand, 226 Pa. Superior Ct. 278, 310 A. 2d 426 (1973); Henderson v. Henderson, 224 Pa. Superior Ct. 182, 303 A. 2d 843 (1973).

The Liquor Code includes a severability clause as follows:

"The provisions of this act are severable and if any of its provisions shall be held unconstitutional the decision of the court shall not affect or impair any of the remaining provisions of this act. It is hereby declared to be the legislative intent that this act would have been adopted had such unconstitutional provisions not been included herein": 47 PS §1-104(b).

On examination, a significant portion of section 4-403(c) has been found unable to pass constitutional muster. All applications of this section referring to residency and citizenship are so inseparable and essentially connected that the unconstitutionality of it in one case must necessarily mean its demise in all cases. Accordingly, you are advised that no liquor license should be revoked nor any application for a license refused on the basis of the residency requirements of §4-403(c).

In following this legislative direction, you are advised that the unconstitutionality of the citizenship

requirements of subsection (c) of section 4-403 does not affect the remainder of the Liquor Code or the remaining first clause of section 4-403(c) which requires that corporate licensees demonstrate as a condition for a license that they are incorporated in Pennsylvania or hold a certificate of authority to transact business in Pennsylvania.