## Jackson v. William Penn Board of School Directors

*Timothy F. Sullivan,* for appellant.
*John K. Steuerwald,* for appellees.

REED, *J.,* November 3, 1975—This is an appeal from the adjudication of defendant school board *permanently expelling a pupil,* Keith Thomas, from attending Yeadon High School.

On April 22, 1974, the pupil, Keith Thomas, was embroiled in an episode of large-scale fighting between groups of students attending Yeadon High School. The fighting lasted for several minutes and was finally broken up and the students dispersed by school authorities. The fighting between the groups had racial overtones and, as a result of his participation in the fighting and as well prior unruly conduct, Keith, a black student, was suspended indefinitely and his expulsion recommended by the principal to the school board.

A hearing was held before the school board on May 28, 1974, and by letter dated May 29, 1974, appellant, Keith's mother, was notified that her son was permanently expelled from the school. Pursuant to the Pennsylvania Local Agency Law of December 2, 1968, P.L. 1133, 53 P.S. §11301 et

seq., she appealed that adjudication to this court on June 28, 1974.

On August 22, 1974, an order was entered by this court, (Orlowsky, *J.*) remanding the matter back to the school board for additional testimony and findings of fact. A rehearing was held on August 26, 1974, and again by letter dated September 24, 1974, appellant was notified that Keith was permanently expelled. On October 23, 1974, appellant filed amended exceptions to this later adjudication. Oral argument has been heard and the briefs of respective counsel considered, and the matter is ready for disposition.

We are aware and mindful of the many problems faced by teachers, principals and school boards in administering a school in our unsettled and changing society with all its cross-currents and ramifications as they bear upon the maintenance of school discipline. A review of this record demonstrates a high standard of professional conduct on the part of the teachers, principal and the school board in an earnest, sincere and commendable attempt to solve not only a real threat to school discipline, but as well to deal with conduct on the part of this child which ought not to be countenanced. We can find no fault with the actions of the board in this case, nor did they abuse their discretion.

The exercise of such discretion should not be disturbed by the courts absent an infringement on the constitutional rights of the student: Gonzalez v. Philadelphia School District, 8 Pa. Commonwealth Ct. 130, 301 A. 2d 99 (1973).

The applicable section of the Public School Code of 1949 reads:

"Every principal or teacher in charge of a public school may temporarily suspend any pupil on ac-

count of disobedience or misconduct, and any principal or teacher suspending any pupil shall promptly notify the district superintendent or secretary of the board of school directors. The board may, after a proper hearing, suspend such child for such time as it may determine, or may permanently expel him . . .": Act of March 10, 1949, P.L. 30, art. XIII, sec. 1318, as amended, January 14, 1970, P.L. (1969) 468, sec. 45, 24 P.S. §13-1318.

The primary thrust of appellant's argument is that the quoted section of the Act of Assembly, supra, is unconstitutional as vague, over-broad and an invalid delegation of power to local school boards.

A comprehensive reading of this statute shows that a board of school directors may act over a wide field of discretion. The standards set forth to guide them in decreeing suspension or expulsion are the words "disobedience or misconduct."

That persons of common intelligence will surely have diverse connotations and meaning for the words "disobedience and misconduct," and in the same circumstances come to different results as to whether a student should be subject to a short suspension, a long-term suspension or expulsion, is true. We nevertheless recognize and accept the established thinking in this area of the law that the constitutional guarantees of due process which now require hearings in these cases amply protects a student's rights: Goss v. Lopez, 419 U.S. 565, 95 S. Ct. 729, 42 L. Ed. 2d 725, (1975).

Although the clarity of section 13-1318, supra, falls somewhat short of the high goal of precise and unquestionable definition we might desire, we conclude that the now mandated constitutional

safeguards of due process creates the necessary shield of protection from arbitrary or capricious enforcement of this quasi-penal statute.

We know that we, as all the Courts of Common Pleas in the Commonwealth, have competent jurisdiction to decide the constitutionality of any statute. We must however be ever aware that we exercise such judicial power with caution and restraint: Pickar v. Roberts School District, 4 Pa. Commonwealth Ct. 273, 286 A. 2d 14 (1972); Beauty Hall, Inc. v. State Board of Cosmetology, 418 Pa. 225, 210 A. 2d 495 (1965). This principle applies especially where, as here, there is an established strong presumption of constitutionality of the statute: City of Scranton v. Lynn, 10 Pa. Commonwealth Ct. 222, 310 A. 2d 451 (1973).

This appellant cannot be heard to complain that he has been deprived by defendant school district of his constitutional right to attend school. That right has been extended to him by the code, but implicit in its definition goes the obvious qualification and common-sense requirement that he comply with the same reasonable rules of conduct and deportment which are equally applicable to all his student peers.

But all the avenues by which Keith Thomas may achieve an education ought not to be barred to him, if other choices can be made. The board of school directors was aware of this and in their order of September 24, 1974, expelling him stated:

". . . However, the Board feels that the education of this student is a very important consideration and re-iterates the prior May 29, 1974 offer of the Board to enroll Keith in the Adult Education Program which is maintained by the District in the evenings at the Darby-Colwyn Senior High School.

The District has counseling and support services available to Keith as well."

We have assumed that these provisions and opportunities remain available. Even though we understand Keith Thomas has not chosen to pursue them, we will, nevertheless, direct they continue to be available.

## ORDER

And now, November 3, 1975, the appeal of Joan C. Jackson from the adjudication of defendants, William Penn Board of School Directors, et al., expelling Keith Thomas from attending Yeadon High School be and the same is hereby denied and the said adjudication of the said school board is affirmed.

It is further directed that the board continue to offer Keith Thomas such alternative educational facilities as were offered in its letter-directive of September 24, 1974.