358 A.2d 419
**COMMONWEALTH of Pennsylvania ex rel.
Robert P. KANE, Attorney General,
Petitioner,**

v.

**Alex J. McKECHNIE, Jr., member of the State Dental Council and Examining Board, and his successors.**

Supreme Court of Pennsylvania.

Argued Jan. 13, 1976.

Decided May 12, 1976.

Rehearing Denied June 15, 1976.

Robert P. Kane, Atty. Gen., Lawrence Silver, Howard M. Snyder, Deputy Attys. Gen., Harrisburg, for petitioner.

Thomas A. Beckley, William J. Madden, Jr., Harrisburg, for respondent.

Before JONES, C. J., and EAGEN, O'BRIEN, ROBERTS, POMEROY, NIX and MANDERINO, JJ.

## OPINION

MANDERINO, Justice.

This is an original action in quo warranto filed by the Attorney General of the Commonwealth of Pennsylvania. The action was commenced by the filing of a Suggestion for a Writ of Quo Warranto; this, in effect, was a complaint. See Rule 1111 Pa.R.C.P. The Suggestion alleged that the defendant, Alex J. McKechnie, Jr., was occupying the office of a member of the State Dental Council and Examining Board (Board). The Attorney General

sought to remove the defendant from that office. The defendant filed what was termed a "Motion to Quash the Suggestion." In effect, this was a preliminary objection in the nature of a demurrer to the complaint. See Rule 1111 Pa.R.C.P. Defendant's preliminary objection was denied. Defendant thereafter filed an answer and new matter. After the pleadings were closed, the plaintiff moved for judgment on the pleadings. Oral arguments were heard.

The pleadings reveal no factual disputes between the parties. Pursuant to the Administrative Code of 1929, Act of April 9, 1929, P.L. 177, art. IV, Sec. 414, 71 P.S. § 124, the defendant became a member of the Board following his election by the members of the Pennsylvania State Dental Society as president of that organization. The Administrative Code provides, in pertinent part, that:

"The State Dental Council and Examining Board shall consist of the president of the Pennsylvania State Dental Society [and eight other members]. . . ."

We conclude that this matter is controlled by *Hetherington v. McHale*, 458 Pa. 479, 481, 329 A.2d 250, 251 (1974), in which we held a similar statute unconstitutional because ". . . the power to appoint persons to conduct governmental functions cannot be delegated to private organizations. . . ."

The defendant seeks to distinguish *Hetherington* because in that case the governmental committee had the authority to expend large sums of money whereas in this case the only funds "expended by [the Board] are the funds appropriated for the [Board's] own operating budget." The amount of money expended by the governmental agency, however, was not the controlling factor in *Hetherington*. Whether one dollar or one million dollars of public funds is involved, the controlling principle of *Hetherington* is unaffected, and the differences between

this case and *Hetherington* are of no legal significance. The decision in *Hetherington* was not limited to the governmental function of expending funds, but encompassed all governmental functions. The Board exercises significant governmental functions, including among other things, the establishment of educational standards for dentists, investigation and approval of dental schools, licensing of dentists and dental hygienists, conducting of state dental examinations prior to licensing, and to investigate, prosecute, and discipline those guilty of illegal dental practices. Act of May 1, 1933, P.L. 216 § 3, *as amended,* 63 P.S. § 122. *See also State Dental C. and Exam. Bd. v. Pollock,* 457 Pa. 264, 318 A.2d 910 (1974).

Defendant also attempts to distinguish *Hetherington* because in *Hetherington* the private group selected the person to serve on the governmental committee, whereas, in this case, the legislature designated that the person to serve would be the president of the Pennsylvania State Dental Society and not *any member* of the society whom its members chose to designate. We do not find the distinction significant. In *Hetherington* we pointed out that:

". . . the people of this Commonwealth, through their duly elected representatives, have no voice in the appointment of those selected by . . . private groups. No opportunity is provided for the public interest to assert itself. Instead, private groups responsive only to the interest of their membership choose those charged with performing governmental functions." *Id.* at 484, 329 A.2d at 253.

In this respect, the situation here is actually worse than that present in *Hetherington.* In *Hetherington,* the private groups selected an individual specifically for the purpose of serving on the governmental committee. The procedure was held unconstitutional even though there was no reason to believe that the private groups would

be motivated by any purpose other than to designate persons appropriately suited for the governmental function to be performed. In this case, when the members of the Pennsylvania State Dental Society elect their president, their motivation for casting a ballot in favor of a certain individual is most probably not prompted by a desire to select a person appropriately suited to serve as a member of the Board. Other motivations are certainly present. Indeed, the private interest of the members rather than the public interest is most probably the controlling consideration in the election of the president of this private group. The designation of the president of the State Dental Society as a member of the governmental group therefore involves more of a danger that the selection was responsive to the interest of a private group than was the situation in *Hetherington*.

Defendant also argues that *Hetherington* is distinguishable because in *Hetherington* eight members of a seventeen-member committee were designated by private groups, whereas, here we are concerned with only one member of a nine-member board. We cannot agree that this compels a different result. The one member in this case has a vote in the exercise of governmental functions, and one vote can without doubt significantly affect the decisions of the Board.

We have also considered other differences pointed out by the defendant between *Hetherington* and this case and find them to be of no significance.

The statute appointing the person elected by the State Dental Society as its president to membership on the State Dental Council and Examining Board is an unconstitutional delegation to a private group of the power to make governmental appointments. Accordingly, the motion of the plaintiffs for judgment on the pleadings is granted, and the defendant, Alex J. McKechnie, Jr., is

hereby removed from membership on the Pennsylvania State Dental Council and Examining Board.

POMEROY, J., filed a dissenting opinion in which JONES, C. J., and O'BRIEN, J., joined.

POMEROY, Justice (dissenting).

The majority concludes that Section 414 of the Administrative Code of 1929, Act of April 9, 1929, P.L. 177, Art. IV, 71 P.S. § 124, is unconstitutional because, under its terms, a private group is delegated the legislative power to make appointments to a governmental board. Of course, an Act of the General Assembly is presumed to be constitutional and will not be struck down unless it clearly, palpably and plainly violates the Constitution.[1] Because I cannot agree that Section 414 is constitutionally objectionable under this standard, I must dissent.

In my view, the majority's reliance on *Hetherington v. McHale*, 458 Pa. 479, 329 A.2d 250 (1974) (opinion announcing the decision of the Court), is misplaced. It was there concluded that Section 16(e) of the Pennsylvania Harness Racing Act[2] (which granted authority to three private organizations to fill, from their respective memberships, eight of seventeen positions on a government committee charged with dispensing funds for agricultural projects) was unconstitutional as violative of the prohibition of delegation by the legislature of its powers to any other branch of government or to other bodies or agencies.[3] Pa.Const., Art. II, Sec. 1. See *State Board of*

1. See, e. g., *Hetherington v. McHale*, 458 Pa. 479, 489, 329 A.2d 250, 255 (1974) (Jones, C. J., dissenting opinion); *Absentee Ballots Case (No. 2)*, 431 Pa. 178, 245 A.2d 265 (1968); *Daly v. Hemphill*, 411 Pa. 263, 191 A.2d 835 (1965).

2. Act of December 22, 1959, P.L.1978, § 16(e), *as amended*, 15 P.S. § 2616(e) (Supp.1975–1976).

3. Three members of the Court, including this writer, did not agree. *Hetherington v. McHale*, 458 Pa. 479, 329 A.2d 250 (1974) (Jones, C. J., dissenting opinion joined by O'Brien and Pomeroy, JJ.).

*Chiropractic Examiners v. Life Fellowship of Pennsylvania,* 441 Pa. 293, 272 A.2d 478 (1971); *Chartiers Valley Joint Schools v. Allegheny Board of School Directors,* 418 Pa. 520, 211 A.2d 487 (1965). Here, no such delegation has occurred; it is the legislature, under Section 414, which expressly designates those who are to serve on the State Dental Council and Examining Board. Unlike the private organizations in *Hetherington,* the State Dental Society is not given statutory authorization to appoint anyone from its membership to the Board. In fact, Section 414 does not authorize the State Dental Society to take any action. While the membership of the Society does elect its president, it is the legislature which has acted to include the president on the State Dental Council and Examining Board. Finding no impermissible delegation, I would deny the motion for judgment on the pleadings which the Court today grants.

JONES, C. J., and O'BRIEN, J., join in this dissenting opinion.